O. B. BLACKBURN V. THE STATE.

No. 20836. Delivered February 14, 1940.
On Motion to Reinstate Appeal March 20, 1940.

The opinion states the case.

*L. W. Sampson* and *S. K. Sampson,* both of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area; penalty assessed at confinement in the county jail for fifty days.

The record fails to show that notice of appeal was given and entered upon the minutes of the trial court. In the absence of such a showing, this court is without jurisdiction to determine the matters presented for review. Art. 827, C. C. P. See Curbow v. State, 132, S. W. (2d) 853, and cases there cited.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

At a former day of this term we dismissed the appeal in this case because the record failed to show that notice of appeal was given and entered upon the minutes of the trial court. Since then the record has been perfected in this respect and we will now consider and dispose of the case on its merits. The only question presented for review is the sufficiency of the evidence to sustain appellant's conviction.

The State's attorney shows that the officers drove up to appellant's home and called for him. He invited them into the house. They told him their purpose in being there. They did

not tell him they had any search warrant. He told them to go ahead and search; that they did not need a search warrant. They found 10 half-pints of whisky in the barn and two empty whisky cases in the house which had the same brand marked thereon as the whisky which they found in the barn. The State also offered in evidence the minutes of the Commissioners Court showing that local option was in full force and effect in Wise County. Appellant did not testify or offer any affirmative defense. We deem the evidence sufficient to sustain his conviction. In his brief, appellant complains of the introduction of the whisky found as a result of the search, but no objection seems to have been interposed to its introduction in evidence. Appellant in his brief also speaks of certain bills of exceptions, but none appear in the transcript. Hence these matters, although discussed in his brief, cannot be considered in the absence of proper bills of exceptions.

No error of a reversible nature appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.