## DOSS TERRY v. THE STATE.

No. 23221. Delivered December 12, 1945.
Rehearing Denied January 23, 1946.

The opinion states the case.

*Cox & Cox,* of Sherman, for appellant.

*Olan R. Van Zandt,* County Attorney, *George T. Avery,* Assistant County Attorney, and *H. A. Lapman,* Assistant County Attorney, all of Sherman, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of knowingly passing a forged check with the intent to defraud, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

He brings forward sixteen complaints, each by a separate bill of exception, but in view of the disposition which we make of this case, it will not be necessary to discuss each bill in detail.

The record reflects that on the 25th day of January, 1945, appellant was indicted in Cause No. 24,276 in which he was charged, in the first count, with the offense of forging the name of W. C. Turner to a check in the sum of $17.85, payable to J. C. Huff, and in the second count thereof with passing said check, knowing it to be forged. A trial was had on said indictment. However, the court submitted the case to the jury on the second count alone. The jury failed to reach a verdict. They were discharged and a mistrial was entered. Thereafter, the grand jury returned another indictment against him which contained four counts in the first of which he was charged with forging the identical check charged in the first indictment. In the second count he was charged with forging the endorsement on the reverse side of the check. In the third count he was charged with passing said check to James A. Rector, and in the fourth count with passing the check to L. W. Millen, the last-named persons being the Cashier and Assistant Cashier of the Grayson County State Bank of Sherman, Texas.

The indictment also contained a paragraph in which it was averred that he (appellant) had been convicted on the 8th day of June, 1943, in the District Court of Grayson County, of a like offense, namely, forgery. This paragraph was inserted in the indictment for the purpose of enhancing the punishment in the event of his conviction.

Appellant filed a motion to quash Counts 1, 3 and 4 in which motion he set out facts which would ordinarily constitute a plea of former jeopardy. Such a plea would hardly constitute a motion to quash but might be a defense to any count of the former indictment which was not submitted to the jury on his previous trial. However, since the court on the trial of the present case submitted only the count charging him with knowingly passing as true the forced check to James A. Rector, which charged the same offense as that in the second count of the indictment on which he had a short time previously been tried, therefore no error was committed by the court in overruling the motion.

By Bills of Exception Nos. 5 and 9 he complains of the action of the trial court in permitting the State to introduce in evi-

dence the judgment and sentence in cause No. 24206 styled State of Texas v. Doss Terry, wherein he had been convicted in the District Court of said county on the 8th day of June, 1943, for the offense of forgery. The sentence, as spread upon the minutes of the court, failed to include therein the penalty. Appellant objected to its introduction on the ground that it was not a final judgment; that it appeared on its face to be void. Thereupon the trial court suspended the trial for approximately an hour to give the District Attorney an opportunity to file a motion to have the sentence amended by a nunc pro tunc order, which was done. Appellant objected to the sentence as amended, which objection was overruled, and he excepted and gave notice of appeal to the Court of Criminal Appeals. However, the court admitted the amended sentence in evidence over his objection, to which he again excepted. We think that these bills reflect error. The judgment of the former conviction in 1943 not being final at the time of the commission of the offense for which he was on trial nor at the time the indictment in this case was returned, it could not be utilized to enhance the punishment. Under these facts, appellant was entitled to have his case submitted to the jury as though it was his first offense without reference to his prior conviction. See Arbuckle v. State, 132 Tex. Cr. R. 371, 105 S. W. (2d) 219; Ellis v. State, 134 Tex. Cr. R. 346, 115 S. W. (2d) 660; Nunn v. State, 133 Tex. Cr. R. 266, 110 S. W. (2d) 71; Mullins v. State, 144 S. W. (2d) 565, 40 Tex. Cr. R. 261.

Appellant also contends that the State was barred from prosecuting him for the offense of passing the forged instrument because when the court withdrew from the jury that count in which he was charged with forgery of the check, it was tantamount to an acquittal of that count; and having been acquitted of forgery, he could not be tried for passing the identical forged check, his contention being that this amounts to jeopardy as provided by the State and Federal Constitutions, on the theory that it was one and the same transaction. We are not in accord with this contention. Forgery is a separate and distinct offense from that of knowingly passing a forged instrument with the intent to defraud although the same was committed by one and the same person. Forgery may be committed by a person by unlawfully and without legal authority forging the name of one person to a check, while the passing of the instrument may be to another person at a different time, or by one other than the person who committed the forgery; hence the two separate and distinct transactions.

· Many objections were addressed to the court's charge and six special charges were requested. We have examined the charge in the light of the objection thereto, as well as the requested instructions, and reached the conclusion that the court's charge was a fair application of the law to the facts of the case.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The court submitted the case only on the third count which charged him with knowingly passing as true a check to James A. Rector. The evidence relative to the charge is sufficient upon which the jury could base their conclusion of his guilt.

All other matters complained of have been considered by us and found to be without merit.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing in this cause with an exhaustive argument making the contention that the original opinion was in error in stating that no final judgment had been entered in the prior case, which was being utilized in the instant case for the purpose of enhancing the penalty. Carefully considering this argument, and without discussing the authorities therein referred to, we call attention to Article 767, Vernon's Ann. C. C. P., which reads as follows: "A 'sentence' is the order of the court, made in the presence of the defendant, *and entered of record,* (emphasis ours) pronouncing the judgment," etc. The statute having provided that the sentence must be "entered of record," a notation on the docket will not suffice. Blackburn v. State, 138 S. W. (2d) 106; Bertrand v. State, 136 S. W. (2d) 849.

We are, then, relegated to the question of whether or not the entry, as found on the record, was a final judgment. The State argues that it is, because appellant went to the penitentiary and served his sentence under it. We do not think that the fact

of his acceptance made it a final judgment. Many instances could be found where a party has served a portion, and sometimes all of a penitentiary sentence under a void judgment, but such facts can not be pleaded against him in bar of a contention that the judgment was void. For like reason it can not be said that the judgment is final because the party accepted it as such. Had the case been appealed to this court it would have presented a question as to the finality of the judgment, but in a record with facts sufficient to enable this court to correct the sentence, at which time it would have become final. Ordinarily, of course, judgments that are not final are not appealable but it has been the holding of this court from the beginning of its history that in such condition of the record the sentence will be corrected and, in the case of affirmance, it becomes final from that date. Patton v. State, 136 S. W. 42; Holden v. State, 267 S. W. 275.

It is perfectly proper for the court, under the circumstances described, to enter the order nunc pro tunc as asked by the State, but such order cannot change the fact that the sentence as entered did not retroactively make final the judgment in the case prior to the time the offense in the case at bar was committed, and prior to the indictment returned herein.

The State's motion for rehearing is overruled.