**Roger Dale HODGES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40460.**

Court of Criminal Appeals of Texas.

June 14, 1967.

On Motion to Reinstate Appeal

July 26, 1967.

Clyde & Hines, by Al Clyde, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Bill Dee Mills and Wayne Roberts, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Negligent Homicide in the Second Degree; the punishment, one (1) year and one (1) day in the County Jail.

The record on appeal does not include a sentence pronounced by the Court, as required by Article 40.09, Section 1, Vernon's Ann.C.C.P.

Since the effective date of the 1965 Code of Criminal Procedure, a sentence must be pronounced in every felony case and in every misdemeanor case except where the maximum possible is by fine only. Article 42.02, V.A.C.C.P. Further, Article 42.04, V.A.C.C.P., requires that the sentence in a case like that at bar shall be pronounced before the appeal is taken.

We observe that both the docket sheet and the order overruling the motion for new trial refer to the fact that appellant was sentenced, but such notations are not sufficient to meet the statutory requirement that the sentence itself must be "entered of record". Article 42.02, supra; Terry v. State, 149 Tex.Cr.App. 110, 191 S.W.2d 736.

The appeal is dismissed.

OPINION

## ON MOTION TO REINSTATE APPEAL

WOODLEY, Presiding Judge.

The record on appeal has been supplemented to include the sentence pronounced on October 31, 1966. The appeal is reinstated.

The record on appeal was approved by the trial judge and filed with the clerk of the trial court on April 24, 1967. (The transcript of the court reporter's notes was approved by the trial judge and ordered filed the same day.)

The grounds of error which appellant relies upon for reversal are not set forth by appellate brief filed with the clerk of the trial court "[w]ithin thirty days after approval of the record by the court" or during any additional period which the court authorized. Art. 40.09(9), V.A.C.C.P.

The "statement of points on appeal to the trial court" upon which appellant must rely as his appellate brief required by Sec. 9 of Art. 40.09, supra, was filed in the trial court on March 6, 1967, some 7 weeks before the record on appeal was approved.

The grounds for reversal relied on are not such as this court considers as unassigned error.

Appellant's failure to comply with the requirements of Sec. 9 of Art. 40.09, V.A.C.C.P., deprived the trial court of the opportunity to pass upon his points of error and his claims of error argued before this court in light of the completed record and determine whether he should be granted a new trial.

Such failure also deprives the appellant of the right to have this court review the claimed errors. Yarbrough v. State, Tex. Cr.App., 408 S.W.2d 230; Melick v. State, Tex.Cr.App., 409 S.W.2d 412; Dewitt v. State, Tex.Cr.App., 409 S.W.2d 852.

The judgment is affirmed.