Amos **BOTLEY**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43710.

Court of Criminal Appeals of Texas.

May 12, 1971.

Rehearing Denied June 9, 1971.

R. E. McDaniel, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated as a second offender the punishment, two years in the Department of Corrections.

Appellant's sole contention is that the evidence is insufficient to support the conviction as a felony offense. He contends that the State failed to prove either of the two prior misdemeanor convictions for driving while intoxicated, which were alleged for jurisdictional purposes, because the State did not show that appellant had been sentenced in either of these alleged convictions.[1]

---

[1]. In this case, appellant was prosecuted under Art. 802b, V.A.P.C., which provides that any person who has been convicted of the misdemeanor offense of driving while intoxicated (Art. 802, V.A.P.C.) and who shall thereafter drive a motor vehicle upon a public road, etc., while he is intoxicated "shall for each and every subsequent such violation be guilty of a

The maximum possible punishment for misdemeanor driving while intoxicated is two years in the county jail and a fine of $500.00. Art. 802 Vernon's Ann.P.C., See Hodges v. State, Tex.Cr.App., 417 S.W.2d 178.

The State contends that judgments in the two prior cases, which were introduced into evidence, serve both as judgments and as sentences. The judgments are in regular judgment form but conclude with the phrase, "Sentence to run concurrent with sentence in Cause No. 52,224," and "Sentence for jail time to run concurrent with sentence in Cause No. 50,991," respectively.

The forms used do not comply with the requisites of Art. 42.02, Vernon's Ann.C.C.P. defining a sentence. It must be remembered that a " 'judgment' and 'sentence' are not the same thing; the two are distinct and independent." 16 Tex.Jur.2d, Criminal Law, Sec. 372, p. 571. See 42.01 V.A.C.C.P.

In Clemons v. State, Tex.Cr.App., 414 S.W.2d 940, a similar contention was raised. Clemons's appeal was dismissed because the transcript did not contain a sentence. On his motion for rehearing, appellant Clemons asserted that the judgment served as the sentence; this Court held that the judgment did not meet the requirements for a sentence. Upon examination of the judgment in Clemons, supra, from the files of this Court, we have determined that it has the same basic content as does the judgment in the case at bar.

In a driving while intoxicated case, as in a felony case, " * * * the sentence is the final judgment of conviction, without which there is no final conviction." White v.

---

felony. * * * " Thus, in order to show that appellant is charged with a felony and thereby give the district court jurisdiction over the offense, the State must allege and prove that appellant has been previously convicted of misdemeanor driving while intoxicated. See Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93.

State, 171 Tex.Cr.R. 683, 353 S.W.2d 229 at 230.

Because the State has failed to prove that appellant was sentenced in either of the two prior convictions alleged for jurisdictional purposes, they have not produced sufficient evidence that appellant was previously convicted for the offense of driving while intoxicated. Therefore, the evidence is insufficient to support this felony driving while intoxicated conviction.

The judgment is reversed and the cause remanded.