

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00039-CR

---

ANTHONY WOODS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 39,923-B

---

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Indicted with two separate felony driving while intoxicated (DWI) charges, Anthony Woods entered pleas of guilty.[1]  *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2012).  In each case, although Woods entered a plea of "true" to the two jurisdictional prior offenses which had been alleged (and which had elevated each charge to felony status),[2] he entered a plea of "not true" to the enhancement paragraphs which had been alleged in the indictments.  After having heard the pleas, the trial court accepted Woods' pleas, made a finding that there was sufficient evidence to prove the existence of the enhancement convictions, heard evidence pertaining to assessment of punishment, and then sentenced Woods to twenty years' imprisonment in one case and thirty years' imprisonment in the other.

In five appellate points, Woods raises issues regarding one of the prior offenses employed as a predicate to raising both of the charges to felony levels, the complained-of prior offense being cause number 96-397 on the docket of the County Court at Law of Harrison County, Texas, dated May 14, 1996.  Although Woods stipulated to that prior conviction (as well as another prior DWI which is not at issue here), the only other evidence the State offered was not a certified copy of a judgment of conviction but, rather, a certified copy of what appears to be a photocopy of the outside of a file jacket or "shuck" in which the papers from the 1996 Harrison

---

[1]Each case resulted in a separate conviction, and Woods appeals both convictions together.  Our reasoning and conclusions in the instant case also apply to Woods' second conviction, which is addressed in our opinion in cause number 06-12-00042-CR, issued on even date herewith.

[2]The two prior DWI convictions are jurisdictional elements of a felony DWI offense, and they must be proven to obtain a felony DWI conviction.  *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001).

County case were kept. This document bears the 1996 cause number, Woods' name, the information that the charged offense was a DWI, and the additional information that Woods had entered a plea of guilty to the charge and had been sentenced to sixty days in jail with credit for time served.

On his appeal, Woods raises the following points:

(1)     He maintains that the copy of the exterior of the file jacket or "shuck" is not sufficient evidence to prove the existence of the prior Harrison County conviction.

(2)     He says that the trial court erred in denying his motion for new trial because his stipulation to the existence of the prior DWI was entered "in ignorance of the true state of affairs."

(3)     He argues that reversible systemic error exists because there was no proof the prior DWI conviction was a final conviction.

(4)     He avers that because of his ignorance of the truth, the pleas he entered were not voluntary pleas.

(5)     He alleges that the actions of the State in securing the indictments when having the full awareness of the flaws in the prior DWI conviction amounted to prosecutorial misconduct.

## Sufficient Evidence Proving Prior Final Conviction[3]

In a felony DWI case, the prior DWI convictions are elements of the offense, and (like the other elements of the offense) must be proven beyond a reasonable doubt. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). Where a defendant stipulates to the existence of the prior convictions, he makes a judicial admission which removes the need for the State to provide proof of that conviction. *Bryant v. State*, 187 S.W.3d 397, 402 (Tex. Crim. App. 2005); *see also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (on plea of guilty, evidence may be supported by proffer or stipulation of evidence embracing all constituent elements of charged offense; defendant's sworn written statement or testimony under oath in open court admitting culpability or at least generally acknowledging truth of allegations against him). Such a stipulation waives a defendant's "right to put the government to its proof of that element." *Bryant*, 187 S.W.3d at 402[4] (quoting *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir.

---

[3]In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

[4]Bryant stipulated to the two prior DWI convictions to keep the State from introducing evidence of his seven prior DWI's to prove up felony jurisdiction. The stipulation, though, was not entered in evidence. Notwithstanding, the Texas Court of Criminal Appeals found the evidence sufficient to prove the charge of felony DWI, because the

2000)).[5]  On appeal, Bryant attempted to attack the sufficiency of the evidence of two prior DWI convictions, but was precluded from doing so because he had stipulated to them when entering his plea at trial.  *Bryant*, 187 S.W.3d at 398, 401–02.  Woods (like Bryant) was barred from challenging the sufficiency of his 1996 Harrison County DWI conviction because he had stipulated to that conviction.

Even absent the oral stipulation, there was still some evidence proving Woods' 1996 conviction.  Woods signed a stipulation of evidence in each case wherein he specifically admitted having been "convicted of an offense relating to the operating of a motor vehicle while intoxicated" on May 21, 1996, in cause number 96-367 in Harrison County.  In addition to the written stipulation and the aforementioned certified copy of the outside of the file folder from the Harrison County conviction, there was also Woods' confession in open court:

> THE COURT:  Mr. Woods, in each case you are charged with driving while intoxicated, a third or more offense.  To be a DWI third or more offense there has to be two priors alleged, what we call jurisdictional priors.  And they're included in the allegation to make it a felony.  And I understand you wish to enter a guilty plea in each indictment to driving while intoxicated, third or more, which would include the two jurisdictional priors; is that correct?
>
> [Woods]:  Yes, sir.

---

stipulation actually removed the matter from the elements necessary for the State to prove.  *Bryant*, 187 S.W.3d at 401–02.

[5]"Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."  *Bryant*, 187 S.W.3d at 400 (quoting 2 John W. Strong, et al., *McCormick on Evidence* § 255 (5th ed. 1999)).

*See also Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g) ("It is well settled that a judicial confession, [*s*]*tanding alone*, is sufficient to sustain a conviction upon a guilty plea." (citations omitted) (emphasis added)); *Wiley v. State*, 486 S.W.2d 769, 770 (Tex. Crim. App. 1972) (defendant's answer, "Yes, sir[,]" when asked whether allegations in felony theft indictment were true held sufficient to constitute judicial admission of commission of theft as alleged). Also, at the hearing on Woods' motion for new trial, Woods himself introduced into evidence other documents relating to his conviction in the 1996 Harrison County case, those being his written waiver of rights and plea of guilty, as well as the trial court's docket sheets, which stated, "P.G. Found Guilty -- sentenced to 60 days HC jail . . . w/ credit for time served . . . ."[6]

"Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). Notwithstanding the dispositive effect of Woods' stipulation in the instant case to the prior DWI conviction, there was sufficient evidence showing the existence of a final conviction for that prior DWI. *Cf. Ramirez v. State*, 139 S.W.3d 731 (Tex. App.—Fort Worth 2004, pet. ref'd) (defendant alleged one of the prior predicate DWI's not final; written judicial confession to all

---

[6]It appears Woods offered these documents at his motion for new trial hearing because there was also an unsigned judgment; Woods seems to have been concerned about the absence of a judgment in the 1996 case.

elements in felony DWI indictment and oral plea of guilty in open court were sufficient to prove indictment's allegations).

We overrule Woods' first point of error.[7]

## **Motion for New Trial Properly Overruled**

Woods claims that the trial court committed error by failing to grant his request for a new trial, despite Woods' contention that he had pointed out to the trial court that there was apparently no written judgment of conviction entered in the 1996 Harrison County case. Woods' appellate argument essentially asserts that because there was no written judgment of conviction in the 1996 case, no conviction in that case can be used as an element of the offense here. Hence, he argues, his judicial confession in the instant case was thus vitiated. Woods has offered no authority that a lack of a written judgment obviates the actual conviction, and we find none. In the same vein, Woods makes no claim that the 1996 conviction was not final; rather (in what would appear somewhat analogous to the story of the tree falling in the woods with no witness),

---

[7]As for Woods' citation and quote, "A conviction is meaningless without a *judgment* of conviction," *Ex parte Kopecky*, 821 S.W.2d 957, 960 (Tex. Crim. App. 1992), that case involved availability of separate punishments for the two distinct offenses of aggravated possession of phenylacetone and possession of phenylacetone without tax payment certificate. TEX. HEALTH & SAFETY CODE ANN. § 481.116(d) (West 2010); TEX. TAX CODE ANN. § 159.201 (West 2008). The cited sentence seems to be used in the context of establishing the availability of additional punishment for an additional conviction:

> [W]e construe § 159.004 to mean that prosecution under § 159.201 was not intended to bar additional prosecution and conviction under the Controlled Substances Act. Having authorized additional conviction under the Controlled Substances Act, surely the Legislature also intended that additional punishment could be imposed. A conviction is meaningless without a *judgment* of conviction under Article 42.01, V.A.C.C.P. Punishment and sentence are incorporated in the judgment.

*Kopecky*, 821 S.W.2d at 960 (citations omitted).

he asserts that because there is no written judgment, there is nothing to prove the conviction ever occurred. Section 49.09 of the Texas Penal Code (which converts a DWI into a felony upon proof of two prior convictions for an offense involving operation of a motor vehicle while intoxicated) requires proof of two prior convictions, not the admission of two prior written judgments into evidence. *See* TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2012).

Woods claims he was "utterly mistaken in his belief at the guilty plea and sentencing in the causes that there was a **conviction** to the old case from 1996; that state of affairs was nothing that he could have known on his own." Risking redundancy, we point out that Woods offered no authority to support the legal principle upon which his argument is based, i.e., that the lack of evidence of a formal, written judgment is tantamount to a showing that there was no conviction. As for whether he could have been fully aware of the state of affairs, he (through counsel) had no objections when the certified copy of the file jacket (which contained a summary of the 1996 offense with which he was charged, the entry of a plea of guilty by Woods to the charged offense, and the punishment which was meted out) was offered in evidence. In Woods' affidavit which he offered in support of his motion for new trial, he acknowledged that he was shown the documents for the now-disputed Harrison County case. Woods' affidavit went on to say that it was represented to him at the time of his plea that the documents proved his conviction in that case. Woods' affidavit continued, "I now know that there never was a judgment of conviction entered in that case. I would certainly not have pleaded guilty . . . and never would have stipulated" to the conviction in that case if Woods had been aware that no judgment existed. The

8

trial court was free to believe or disbelieve Woods' assertions in his post-trial affidavit. *See Charles v. State*, 146 S.W.3d 204, 210 (Tex. Crim. App. 2004)

We review a trial court's decision to deny a motion for new trial by determining whether there has been an abuse of discretion. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010). We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party. *See Quinn v. State*, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997). Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208. We do not substitute our judgment for that of the trial court, but rather we determine only whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). We do not find any abuse of discretion on the part of the trial court, and we overrule Woods' second point of error.

**No Systemic Error**

Woods claims that the lack of a written judgment in the 1996 Harrison County case precipitated a systemic error. He bases this on an argument that absent the requisite proof of a judgment for one of the predicate prior DWI convictions, "there was no way (and there still is no way at this late hour) for the State to prove the allegations in each indictment," and, thus, no way for the State to prove anything more severe than a class A misdemeanor (i.e., a second offense DWI). *See* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2012). We disagree with Woods'

argument that the instant situation is analogous to those in *Arizona v. Fulminante*, 499 U.S. 279 (1991) (coerced confession); *Rose v. Clark*, 478 U.S. 570 (1986) (impermissible burden shifting on issue of malice); and *Tumey v. Ohio*, 273 U.S. 510 (1927) (adjudication by biased judge). As summarized above, there was evidence presented by the State at the plea hearing upon which the trial court could rely on to prove the 1996 conviction, independent of Woods' stipulation and plea of true.[8] We overrule this point of error.

**No Showing Plea Involuntary**

Referencing, once again, Woods' affidavit in support of his motion for new trial, Woods claims that his announced pleas of guilty to the offense and true to the predicate convictions were involuntary. He also claims that the plea he entered was prompted by misinformation given to him from either the State or his trial attorney.[9] Woods argues that *Cardenas v. State*, 960 S.W.2d 941 (Tex. App.—Texarkana 1998, pet. ref'd) (although probation not statutorily available from trial court, defendant let judge determine punishment based on representations of defendant's attorney), and *Flowers v. State*, 951 S.W.2d 883 (Tex. App.—San Antonio 1997, no pet.) (defendant told could not be incarcerated as condition of probation, but trial court imposed jail time as condition of probation), are so similar to his own case that they are virtually

---

[8]Woods submits a hypothetical: suppose, he invites, an accused entered a judicial confession to theft of merchandise with a value of at least $50.00 but less than $500.00, a class B misdemeanor. The defendant then filed a motion for new trial, tendering proof that the stolen merchandise was worth less than $50.00. *See generally* TEX. PENAL CODE. ANN. § 31.03(e) (West Supp. 2012). That is not analogous to the present situation. Here, there is no indication the prior DWI was not a final conviction or ineligible to be used as a jurisdictional element of the indicted crime. In terms of Woods' hypothetical, there is nothing to indicate he was not guilty of the offense with which he was charged.
.
[9]Woods makes no argument that he received ineffective assistance of counsel.

10

precedential. We do not agree. This is not a case where Woods was provided incorrect information about the law applicable to his case. Rather, in this case, Woods was shown the certified copy[10] of the file cover which contained a summary of the 1996 charge, conviction, and sentence and (after having looked at that document) admitted having been so convicted. Woods has failed to convince us that his plea in this case was involuntary. The voluntariness of a plea is usually examined in the context of the admonishments required from the trial court to a defendant entering a plea of guilty. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2012). When the record shows that the defendant was properly admonished, it presents a prima facie showing that the defendant's plea was knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam); *Cutrer v. State*, 995 S.W.2d 703, 706 (Tex. App.—Texarkana 1999, pet. ref'd). After that prima facie burden has been met, the burden then shifts to the appellant to show that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197; *Cutrer*, 995 S.W.2d at 706. At most, Woods was not informed of a possible problem of proof for the State in establishing the 1996 DWI conviction; but there were other means by which the State could have proven that conviction.[11] The prosecutor or clerk (or, perhaps, even the trial court from the 1996 case) could

---

[10]Woods' motion for new trial affidavit acknowledges he was "shown the documents from a DWI case in Harrison County, Texas, Cause No. 96-397[,]" and he was informed said documents "proved [he] had been convicted in Cause Number 96-397."

[11]Even so, we observe that the prior DWI convictions were as much elements of the offense of felony DWI as the fact that Woods was operating a motor vehicle. The State would have no more responsibility to inform Woods that

have been called to testify regarding the existence of the conviction. As we have seen, although there was apparently no written judgment available to reflect the conviction, there was other documentary evidence proving the conviction. None of this shows that Woods was misled when he made his pleas of guilty and true.

**No Prosecutorial Misconduct**

Finally, Woods alleges prosecutorial misconduct.[12] Following the premise of the rest of his appeal, that because there was no judgment, there was no conviction in the 1996 Harrison County DWI case, Woods argues the State could not have, in good faith, sought a grand jury indictment. More specifically, Woods claims that in the absence of a judgment on the 1996 case, no probable cause existed for his indictment on felony DWI charges. We cannot agree with this deduction. In addition to the documents listed above, the record also contained evidence of a 2003 conviction for felony DWI from Harrison County. Regardless of the documents or records in the State's possession at the time the case was presented to the grand jury, there is a very strong suggestion the State was aware of at least three prior DWI convictions, and, thus, would have been reasonable in indicting Woods for felony DWI.

Woods bases his claim on comments of two of the assistant prosecutors at the hearing on the motion for new trial, where the prosecutors described sending the office's investigator to

---

it was experiencing difficulty in getting the arresting officer to testify to that fact than it would have the obligation to show that it might have some difficulty in proving up one of the predicate DWI offenses.

[12]Allegations of prosecutorial misconduct are reviewed on a case-by-case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988).

12

Harrison County to research the 1996 conviction (from the record it is not possible to determine whether the investigator did this investigatory work before the instant pleas of guilty and true or after the matter was raised in the motion for new trial). We present sections of the prosecutors' testimony for the sake of context:

> [W]e were unable to find a written judgment of a conviction [for 96-397, Harrison Co.] other than what we produced for the Court that included the thing that Mr. Dunn referred to as his first exhibit. It's just a little abstract of judgment that says he pled guilty and he was sentenced to, I think, 60 days. . . .
>
> . . . .
>
> . . . . Mr. Cone [trial attorney for defendant ] had that and reviewed it with Mr. Woods as my understanding from the affidavit that has been provided by Mr. Dunn. Mr. Woods was able to review that. He saw it. He knew he was the one who was there. He -- this -- and actually in Harrison County our investigator, Hall Reavis, who is the actual investigator on the complaint and information, went and inquired further for these two years that comprised when this judgment happened, if a misdemeanor defendant came out of jail, went into court on a misdemeanor plea, pled guilty, took jail time, a judgment was not created, it was a simple docket sheet entry with the forms that we've given you. I've spoken to the former District Attorney, Rick Berry, who was the District Attorney at the time, and he said the same thing.

It may bear pointing out that at the initial guilty plea and punishment hearing, although Woods pled guilty to the indictments and stipulated to the prior DWI's, he pled not true to the enhancement allegations. Woods' trial counsel told the trial court that Woods was not entering pleas to those enhancement allegations as "sort of a strategic issue to leave the door open if the Court felt it was appropriate to go below and not find, just make no finding on one of them. I know that's asking a lot." From the context of statements made at the plea and punishment

13

hearings, Woods was inviting the trial court to find one or both of the enhancement allegations not true, and, thus, expose Woods only to a third degree range of punishment.

Woods directs us to *Terry v. State*, 191 S.W.2d 736, 739 (Tex. Crim. App. 1945) (per curiam) (op. on reh'g), for the proposition that a docket sheet entry is not a final judgment. Terry was tried for forgery, and a prior forgery conviction was offered for enhancement. Regarding the prior conviction, "[t]he sentence, as spread upon the minutes of the court, failed to include therein the penalty," and Terry objected to its admission because it was not a final judgment. *Id.* at 738. "Thereupon the trial court suspended the trial for approximately an hour to give the District Attorney an opportunity to file a motion to have the sentence amended by a nunc pro tunc order, which was done." *Id.* The trial court then admitted the amended sentence over Terry's objection. On review, the Texas Court of Criminal Appeals found this to have been error, because the judgment of the final conviction was not final at the time of the commission of the instant offence. *Id.* On rehearing, the State argued that the prior conviction was, indeed, a final judgment because Terry had served the sentence which had been pronounced. This argument did not meet with favor; the Texas Court of Criminal Appeals pointed out that it was possible for a person to serve out a sentence after a void conviction, but that person would not be precluded from attacking the conviction as void. The Texas Court of Criminal Appeals opinion on rehearing points out the definition of "sentence" applicable at the time and pointed out that "a

14

notation on the docket will not suffice."[13] *Id.* at 739. Although somewhat similar, the *Terry* case does not seem on point with Woods' situation. In the instant case, there is no question about the sentence pronounced or finality of the 1996 DWI conviction which was used as a predicate to the felony DWI here. Accordingly, we do not find *Terry* applicable.

There is nothing in the record to suggest the State indicted Woods for these two felony offenses without probable cause to believe him guilty. Nor is there anything to suggest the State, at the time of indictment, did not believe it could prove each case beyond a reasonable doubt. We do not find any suggestion of prosecutorial misconduct and overrule the fifth point of error.

However, we do take a sua sponte action in regard to this case. The Texas Rules of Appellate Procedure give this Court authority to modify judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)). The trial court's judgments in both cases state Woods pled true to the enhancement allegations. In fact, Woods "st[oo]d neutral" on the matter of the enhancements, and the trial court entered pleas of not true.

---

[13]Terry's sentence in the prior conviction is not entirely clear from the opinion in this case. By extrapolating what was said in the opinion, it is possible that this could only be determined from a docket entry.

15

We, therefore, modify the judgments in this case and in cause number 06-12-00042-CR to show

Woods pled not true to the enhancement allegations.

We affirm the trial court's judgment, as modified.


Bailey C. Moseley
Justice


Date Submitted:     March 27, 2013
Date Decided:       April 17, 2013

Publish