**MODIFY and AFFIRM; and Opinion Filed May 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00191-CR

**RUSSELL STARKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-1332480-K**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Appellant Russell Starks appeals his jury conviction for aggravated robbery. After finding appellant guilty, the jury assessed his punishment at life imprisonment and a $10,000 fine. On appeal, appellant raises a single point of error complaining he was convicted on legal and factual grounds that were not submitted to the jury. As modified, we affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

On January 11, 2013, complainant Theresa Zahn-Burnam returned to her home around 8:00 p.m. As she inserted her house key into her front door lock, a black man wearing a gray hoodie approached her on her porch and ordered her to open the door. Knowing her two sons were alone inside the house, she dropped to the ground and curled up into a fetal position. As she lay on the ground, she became aware that the man was holding a gun. The man holding the gun

said, "If you say a word, I will just shoot you now." She began to scream for help and then a second black man wearing a striped polo shirt approached her on the porch. At first, she thought the second man heard her screams and had come to help her. However, when the second man approached the porch, he asked, "Where is your purse? Where is your purse?" Ms. Zahn-Burnam handed over her purse and the two men ran away. After they were out of sight, she went inside her house, called the police and provided a description of the suspects.

Sergeant Rodell Byrd testified he was off duty at a local shopping center at the time of the robbery. He received a call about the robbery because he was approximately one block from the location. Byrd responded in his personal, un-marked vehicle and began searching the area for the suspects. He saw two males matching the provided description in a vehicle and called for marked patrol units to respond. He continued to follow the suspects until the patrol units arrived. Byrd dropped back and let the patrol units approach the vehicle. When the lights and sirens were activated by the police, the suspects fled at a high rate of speed, and the officers gave chase. Byrd testified Charles Polk was apprehended, and they found his hooded sweatshirt in the vehicle with a cell phone, a Target receipt, and small caliber ammunition.

Officer Jason Peacock testified he was in one of the patrol units that approached the suspects' vehicle. Peacock chased the vehicle until it ran across a median and became disabled. Peacock saw appellant, wearing a striped polo shirt, exit the vehicle and run. He chased the appellant until appellant gave up, at which time appellant was apprehended by Peacock.

The police escorted Ms. Zahn-Burnam to the location of the apprehension where she was one hundred percent certain of the identification of Charles Polk. Due to the lighting in the street, she was not completely certain about the identity of appellant, even though he was wearing a striped polo shirt as she had described to the police during her 9-1-1 call.

Evidence was introduced of surveillance video from a local Target store that showed appellant and Polk shopping together approximately one hour before the robbery occurred. The police department also investigated the disabled vehicle and found the owner, who reported loaning the vehicle to her boyfriend, who in turn loaned the vehicle to appellant on the night of the robbery. And finally, evidence was introduced of appellant speaking to a third party during a jail telephone call when appellant stated, "Hey, your girlfriend did good by reporting the vehicle stolen," and when discussing whether or not they "got away safe," appellant stated, "It all come from him not doing what I told him to do, put her to sleep. It would have never happened, all that hollering and screaming and shit wouldn't never happened."

Appellant was indicted for aggravated robbery and entered a plea of "not guilty." A jury found appellant guilty of the offense charged. Appellant entered a plea of "not true" to the enhancement paragraph alleged in the indictment. The jury found the allegation of a prior offense for burglary of a habitation to be true and assessed appellant's punishment at life imprisonment and a fine of $10,000.

In a single point of error, appellant argues the application paragraph failed to authorize a conviction under the law of the parties and appellant was therefore convicted on legal and factual grounds that were not submitted to the jury.

The jury charge read, in relevant part:

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

. . .

–3–

Now, considering all the law contained in the court's charge, if you find and believe from the evidence beyond a reasonable doubt that on or about January 11, 2013, in Dallas County, Texas, the defendant, RUSSELL STARKS, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THERESA ZAHN-BURNAM, hereinafter called complainant, in fear of imminent bodily injury and death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, you shall find the defendant guilty of aggravated robbery as charged in the indictment.

The language of the application paragraph tracked the language of the indictment. At trial, both parties stated that they had no objections to the charge.

Appellant was charged under section 29.03, which states, "A person commits an offense if he commits robbery as defined in Section 29.02, and he . . . uses or exhibits a deadly weapon." TEX. PENAL CODE ANN. § 29.03(a) (West 2011). Section 29.02 states:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE ANN. § 29.02(a) (West 2011).

We review complaints of jury charge error by first determining whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). When, as here, the error was not objected to, the error must be fundamental and requires reversal "only if it was so egregious and created such harm that the defendant has not had a fair and impartial trial." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm consists of error affecting the very basis of the case or depriving the defendant of a valuable right. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013).

–4–

Egregious harm exists when a defendant has suffered actual, rather than merely theoretical, harm from jury-charge error. *Id*. We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

Appellant argues that the application paragraph in the jury charge failed to include the language for a finding of party liability and there was no evidence that appellant ever used or exhibited a firearm in the course of the robbery. Appellant complains he was convicted on legal and factual grounds that were not submitted to the jury and was denied his right to due process. The State concedes that the trial court erred in charging the jury but contends appellant failed to establish he was egregiously harmed by the error.

"A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense." *Martin v. State*, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006); *see* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "The meaning of a jury instruction must be taken from the whole charge, and jurors are not authorized to return a verdict except under those conditions given by the application paragraph of the charge." *Delapaz v. State*, 228 S.W.3d 183, 212 (Tex. App.–Dallas 2007, pet. ref'd). A jury charge is adequate

> if it either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

*Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997).

Because the State concedes the trial court likely erred, we conduct a harm analysis using the *Almanza* factors. *Nava*, 415 S.W.3d at 298. We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative

evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

With respect to the entire jury charge, in this case the charge contained the correct abstract definition of party liability. However, the application paragraph did not explicitly apply the abstract law of parties to the facts of the case. Instead, it instructed the jury should find appellant guilty if, "considering all the law contained in the court's charge," they found appellant committed the offense. The jury needed only to refer to the previous section, which defined criminal responsibility as a party. In the absence of a request or objection, however, the trial court's charge was adequate to authorize appellant's conviction as a party and the court's failure to directly apply the law of parties to the facts was not fundamental error. *Greene v. State*, 240 S.W.3d 7, 15–16 (Tex. App.—Austin 2007, pet. ref'd). We conclude that "a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph." *Vasquez v. State*, 389 S.W.3d 361, 371 (Tex. Crim. App. 2012).

The next *Almanza* factor for this Court to consider is the state of the evidence. *Nava*, 415 S.W.3d at 298. The record shows appellant was one of two individuals who participated in the aggravated robbery. The evidence that appellant, approached Ms. Zahn-Burnam and demanded her purse, after Polk pointed a gun at her, was uncontroverted. Ms. Zahn-Burnam testified it was clear to her that the two men were working together. A reasonable jury certainly could have concluded that appellant was "acting with intent to promote or assist the commission of the offense."

Lastly, we must consider the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Nava*, 415 S.W.3d at 298. The record shows that during voir dire, the State's attorney stated the following:

Now, I want to talk to you guys about some more legal stuff. This is called a law of parties. Now, the law of parties has got this big mumbled legal thing again. I'm going to read it to you, and talk about what it is.

"A person is criminally responsible for the conduct of another, if acting with the intent to promote or assist the commission of the crime. He solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."

And then during the State's opening statement, the attorney elaborated,

After you hear all the evidence, the overwhelming evidence in this case, ladies and gentlemen, there will be no doubt that on January 11, 2013, this defendant, Mr. Russell Starks and codefendant, Charles Polk, committed aggravated robbery with a deadly weapon, and we would ask that you find him guilty.

During the trial, when the trial court asked if anyone objected to the proposed jury charge, neither party had any objections. And then during the closing argument, the State argued:

I want to talk to you also about the law of parties, something that we talked about earlier. We talked about the law of parties. And so I just want to highlight for you why both of the people on that front porch was [sic] responsible for the aggravated robbery. We obviously know that one person had the gun. And that person was identified immediately. That person had the gun and he had it out so that she could see it. He had the gun and he pointed it, but he also had it down. But it was visible the entire time. Remember we talked about using or exhibiting that deadly weapon. That gun was the enforcement. That gun was letting them do whatever they wanted to do on that porch, including having Mr. Starks come up and take her purse. And he didn't have to grab it from her because that enforcer was there. All he had to do was ask and she gave it to him. Both of those people had a plan. And she knew that they were together once they came up and said, give me your purse. So they are both guilty of aggravated robbery.

After a careful review of the entire record, "it is inconceivable to us how the jury could have been misled by the court's charge." *Watson v. State*, 693 S.W.2d 938, 940 (Tex. Crim. App. 1985) (jury application paragraph that authorized conviction if the jury found that the defendant "acting either alone or as a party to the offense" committed burglary was harmless under *Almanza* analysis when there was no evidence to support conviction as a principal; jury must have found defendant guilty as a party).

Further, we are unable to determine how appellant was harmed by the charge. The Court of Criminal Appeals has explained, "A charge on the law of parties enlarges a defendant's

criminal responsibility. *Romo v. State*, 568 S.W.2d 298 (Tex. Crim. App. 1978) (op. on reh'g). Likewise in the converse, a charge requiring the jury to find that a defendant acted alone increases the State's burden and thus benefits the defendant. *Watson v. State*, 693 S.W.2d 938, 942 (Tex. Crim. App. 1985). Similar to *Watson*, here the State had to satisfy a heavier burden in proving to the jury that the appellant acted alone in committing the aggravated robbery. If anything, appellant was helped by the court's charge. We find the error to have been harmless.

However, we do take a sua sponte action in regard to this case. The judgment incorrectly states that appellant was convicted under the "Statute for Offense: 29.03 Tax Code." This Court has the power to modify an incorrect judgment and make the record speak the truth when we have the necessary data and information to do so. TEX. R. APP. P. 43.2(b); *see Woods v. State*, 398 S.W.3d 396, 406 (Tex. App.—Dallas 2013, pet. ref'd). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Woods*, 398 S.W.3d at 406 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)). The record shows appellant was convicted for aggravated robbery with a deadly weapon under section 29.03 of the "Penal" Code and not the "Tax" Code. Accordingly, we modify the trial court's judgment to remove "Tax Code" as "Statute for Offense" and in its place to reflect "Penal Code" as "Statute for Offense."

In conclusion, we modify the trial court's judgment to reflect appellant was convicted under the Penal Code. As modified, we affirm the trial court's judgment.



DO NOT PUBLISH                                   /Ada Brown/
TEX. R. APP. P. 47.2(b).                          ADA BROWN
                                                  JUSTICE
140191F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUSSELL STARKS, Appellant

No. 05-14-00191-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F-1332480-K.
Opinion delivered by Justice Brown. Justices Myers and Evans participating.


Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Tax Code will be removed as the Statute for Offense and Penal Code will be replaced in its stead.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 1st day of May, 2015.