

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00357-CR

Christopher Lee **MORENO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR8154W
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: February 3, 2021

AFFIRMED AS MODIFIED

Appellant Christopher Lee Moreno appeals the trial court's judgment revoking his community supervision and sentencing him to one year in the Bexar County Jail. We modify the trial court's judgment and affirm as modified.

### BACKGROUND

On July 30, 2019, Moreno entered a plea of no contest to a charge of causing bodily injury to a family member. The trial court sentenced Moreno to one year in the Bexar County Jail and a $1,500 fine, suspended his sentence of confinement, and placed him on community supervision

for two years. The terms of Moreno's community supervision required him to, inter alia, submit to drug tests as directed by his supervision officer, report to his supervision officer as directed, conduct himself "in a proper and orderly manner during any office visit," and attend a battering intervention program.

The State filed a motion alleging Moreno violated the terms of his community supervision by failing to, inter alia: (1) submit to a drug test as directed by his supervision officer on October 11, 2019; (2) conduct himself in a proper and orderly manner during a visit to his supervision officer; (3) report to his supervision officer in January and February of 2020; and (4) attend and comply with rules of the battering intervention program. The State later filed a supplemental motion alleging Moreno also failed to report to his supervision officer in March and April of 2020. After a hearing, the trial court signed a judgment revoking Moreno's community supervision and ordering him confined in the Bexar County Jail for one year. Although the court orally found all the violations the State sought to prove during the hearing were true, its written judgment notes only that Moreno violated his obligation to submit to drug tests.

## ANALYSIS

On appeal, Moreno contends the trial court abused its discretion by revoking his community supervision because its judgment is based on inadmissible hearsay.

### *Standard of Review and Applicable Law*

We review a trial court's judgment revoking community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A trial court does not abuse its discretion unless its decision is so arbitrary as to be outside the zone of reasonable disagreement. *Hernandez v. State*, 387 S.W.3d 881, 888 (Tex. App.—San Antonio 2012, no pet.). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision, and in reviewing the

evidence, we indulge all reasonable inferences in favor of the trial court's judgment. *Reasor v. State*, 281 S.W.3d 129, 131–32 (Tex. App.—San Antonio 2008, pet. ref'd). If the evidence supports a single violation alleged by the State, we must sustain the trial court's judgment revoking community supervision. *Id.* at 131.

We also review a trial court's evidentiary rulings for abuse of discretion. *Smith v. State*, 587 S.W.3d 413, 418 (Tex. App.—San Antonio 2019, no pet.). Generally, out-of-court statements that are offered for the truth of the matter asserted constitute inadmissible hearsay evidence. TEX. R. EVID. 801, 802. However, hearsay statements contained in records of a regularly conducted activity may be admissible if the proponent of the evidence shows:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted business activity;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness . . .; and

(E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

*Id.* R. 803(6). We must uphold a trial court's evidentiary ruling if, in light of the record before the trial court at the time it ruled, the ruling was within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

### *Application*

Moreno's former supervision officer, Natalie Blodgett, testified that Moreno's community supervision file shows he was directed to submit to a drug test on October 11, 2019 and did not do so. Moreno argues this testimony is not admissible under the business records exception because Blodgett lacks personal knowledge of this fact. *See* TEX. R. EVID. 803(6)(A). He appears to base

this assertion on Blodgett's testimony that she was not the officer who directed Moreno to submit to the drug test in question.

However, contrary to Moreno's assertion, Blodgett did not testify that she lacked "knowledge of several items mentioned in the probation report which she was being questioned about." Instead, Blodgett testified that her office routinely documents a refusal to submit to drug testing in a supervisee's community supervision file. *See id.* R. 803(6)(B), (C). She explained these documentations occur in real time and indicate the specific time a supervisee refuses to submit to a drug test. *See id.* R. 803(6)(A). She also testified that although she did not personally direct Moreno to submit to a drug test on the date in question, she was Moreno's supervision officer at the relevant time. *See id.* R. 803(6)(D). Finally, Moreno himself elicited Blodgett's testimony that she is the custodian of Moreno's community supervision file. *See id.* R. 803(6)(D), (E).

Based on this testimony, the trial court's conclusion that Blodgett's testimony was admissible under the business records exception to the hearsay rule is within the zone of reasonable disagreement. *See* TEX. R. EVID. 803(6); *Smith*, 587 S.W.3d at 418. As a result, the trial court did not abuse its discretion by admitting Blodgett's testimony that Moreno failed to submit to a drug test on October 11, 2019. *See Smith*, 587 S.W.3d at 418. Because that testimony, standing alone, is sufficient to create a reasonable belief that Moreno violated at least one term of his community supervision, the trial court did not abuse its discretion by revoking Moreno's community supervision. *See Reasor*, 281 S.W.3d at 134. We therefore overrule Moreno's single issue.

We note, however, that the trial court's judgment states Moreno entered a plea of "true" to the allegations in the State's motion to revoke. This notation conflicts with the record of the hearing, which shows Moreno entered a plea of "not true" to each allegation. An appellate court may, on its own motion, reform the judgment to "make the record speak the truth," even if the parties have not asked it to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992);

*Hernandez v. State*, No. 04-18-00265-CR, 2019 WL 2013861, at *1 (Tex. App.—San Antonio May 8, 2019, no pet.) (not designated for publication). Accordingly, we sua sponte reform the judgment to reflect Moreno's plea of "not true" to the State's allegations. *See* TEX. R. APP. P. 43.2(b); *Woods v. State*, 398 S.W.3d 396, 405–06 (Tex. App.—Texarkana 2013, pet. ref'd).

## CONCLUSION

We modify the trial court's judgment to reflect Moreno's plea of "not true" and affirm the judgment as modified.

Beth Watkins, Justice

Do Not Publish