**Jimmie Davis WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1146–83.**

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

printed or filled in by a check writing machine or typewriter.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Mark Nancarrow and Donald Land, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

McCORMICK, Judge.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

We granted the State's petition for discretionary review to examine the Court of Appeals' holding that reversible error was committed when the trial court instructed the jury over appellant's objection that they could convict appellant if they found he was acting *either alone* or as a party. *Watson v. State,* 660 S.W.2d 882 (Tex.App.—Fort Worth, 1983).

Appellant was alleged to have committed the offense of burglary of a habitation. The indictment in pertinent part reads as follows:

"... that one JIMMIE DAVIS WATSON ... did then and there unlawfully knowingly and intentionally enter a habitation without the effective consent of Joseph R. Perkins, the owner thereof, who had a greater right to possession of the habitation than the defendant, with the intent to commit theft, and the said entry was without effective consent since no assent in fact was given by the owner or a person legally authorized to act for the owner, ..."

The evidence at trial showed that on December 20, 1981, the Joseph Perkins' family returned to their home at approximately 7:45 p.m. and discovered their house had been burglarized. Taken in the burglary was a microwave, a stereo, three television sets, and a number of Christmas gifts. Perkins immediately reported the incident to the police and Officer David Shinpaugh was dispatched to investigate the crime. He observed signs of a burglary, located the point of entry, spoke with Perkins and then left. Six days later, Shinpaugh was called back to the Perkins' residence and while there he received a description and license number of an automobile. A few minutes later, while driving in the adjoining area, Shinpaugh spotted a vehicle matching the description which had just been given to him. This vehicle was parked on the left-hand side of the road facing oncoming traffic at an angle with its rear end sticking out into the traffic lane. Although the motor was running, Shinpaugh could see no one in the car. Looking around, Shinpaugh saw appellant standing on the porch of a nearby house, "jimmying" with the door. When appellant spotted Shinpaugh, he attempted to run away but was apprehended by another officer who had just arrived on the scene. At about the same time, Shinpaugh noticed that another man, later identified as Larry Jordan, had raised up from the driver's seat of the car. Shinpaugh arrested Jordan. The officers

searched both men and found that they were carrying screwdrivers. Appellant later made statements to Officer Dennis Myer implicating Larry Jordan in the burglary of the Perkins' home and revealing the locations of various items taken from the Perkins' home. As to his own guilt in the Perkins' burglary, appellant admitted that he and Larry and Michael Jordan had made plans to burglarize the Perkins' residence. When appellant and Larry Jordan went to pick up Michael Jordan in anticipation of the burglary, they found that Michael had already gone. Appellant and Larry drove to the Perkins' residence. Upon their arrival, they saw Michael's car leaving the scene. Appellant and Larry parked their car and appellant stayed in the car while Larry removed property from the home. As they later drove away, appellant admitted that he and Larry opened some of the Christmas packages and threw the items enclosed therein away. Some of the other stolen property was taken to Michael Jordan's house. The rest of the property was sold to other individuals. Appellant denied aiding or attempting to aid Jordan in the burglary.

Over appellant's objection, the trial court charged the jury that they could convict appellant if they found he, "acting either alone or as a party to the offense" committed the offense of burglary. The Court of Appeals, relying on *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1976), held that since there was no evidence to support the submission of the case upon the theory that appellant was acting alone and entered the house, the case must be reversed.

■ The State, in its petition for discretionary review, argues that there was evidence, albeit circumstantial, in addition to appellant's own admissions, that implicated him as the one who actually broke into and burglarized the habitation. Specifically, the State asserts that the fact that appellant was arrested while committing a similar extraneous offense some six days after the commission of the instant offense shows the intent and a continuing course of conduct, pattern, system and design in a

manner sufficient to call for the submission of the question to the jury as to whether appellant was acting alone in the instant offense. We disagree. There is no evidence, either direct or circumstantial, that the appellant entered the Perkins' residence. The fact that he was discovered "jimmying" with the door of another house some six days later is not probative of this aspect of the instant offense. We find that the Court of Appeals was correct in finding error. *Savant v. State*, supra. See also *Carrillo v. State*, 566 S.W.2d 902, 910 (Tex. Cr.App.1978); *Carrillo v. State*, 591 S.W.2d 876, 890 (Tex.Cr.App.1979).

Our inquiry does not stop here, however. In the recent case of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), this Court set out the standard for review of error in the charge under Article 36.19, V.A.C.C.P., when a timely objection has been made at trial.

"... If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

. . . . .

"... the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza v. State*, 686 S.W.2d at 171.

■ Applying the above standard to the instant case, we find that no harm accrued to appellant as a result of the charge given by the trial court. In the first portion of the charge the court explained that appellant was charged with burglary of a habitation and then went on to give the abstract law regarding the offense of burglary. Included therein was the following:

"Our law provides that a person commits an offense if without the effective consent of the owner he enters a habitation with intent to commit theft.

"By the term 'enter' is meant to intrude any part of the body or any physical object connected with the body.

.    .    .    .    .

"A person acts intentionally, or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

"A person acts knowingly, or with knowledge with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

"A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

"Further, the indictment in this case having alleged that the entry, if any, was made with intent to commit the crime of theft, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made with intent to commit the crime of theft.

"All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"A person is criminal (sic) responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone does not constitute one a party to an offense."

The paragraph applying the law to the facts immediately followed:

"Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Jimmie Davis Watson, acting either alone or as a party to the offense, if any, on or about the 20th day of December, 1981, in the County of Dallas and State of Texas did then and there knowingly or intentionally enter a habitation without the effective consent of Joseph R. Perkins, the owner thereof, who had a greater right to possession of the habitation than the defendant, with the intent to commit theft and that said entry, if any, was without effective consent since no assent in fact was given by the owner or a person legally authorized to act for the owner, then you will find the defendant guilty of burglary of a habitation, as alleged in the indictment."

"Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty' "

Although the evidence was insufficient to raise the possibility of appellant's "acting alone", appellant was not harmed by the presence of that language in the charge. The jury was clearly instructed that before they could return a guilty verdict, they had to find beyond a reasonable doubt that the appellant burglarized the premises while either acting alone or as a party. The evidence presented at trial clearly showed appellant's guilt as a party. A review of the State's jury argument shows that the State was proceeding solely on the theory that appellant was guilty as a party. After carefully reviewing the record, it is inconceivable to us how the jury could have been misled by the court's charge.

Nor are we able to determine how appellant was harmed by the charge. In *Romo v. State*, 568 S.W.2d 298 (Tex.Cr.App.1978) (Opinion On State's Motion For Rehearing), this Court wrote the following:

"A charge on the law of parties enlarges a defendant's criminal responsibility.

The charge benefits the State and not the defendant. See *Ransonette v. State,* 550 S.W.2d 36, 42 (Tex.Cr.App.1977)." *Romo v. State,* supra at 302.

Likewise in the converse, a charge requiring the jury to find that a defendant acted alone increases the State's burden and thus benefits the defendant. In the instant case then the State would have had to satisfy a heavier burden in proving to the jury that the appellant acted alone in committing the burglary. If anything, appellant was helped by the court's charge. We find the error to have been harmless.

The judgment of the Court of Appeals is reversed and the case is remanded for consideration of appellant's remaining grounds of error.

TEAGUE, J., dissents.

CLINTON, J., not participating.