**Dudley MARTIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–009–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1986.

Rehearing Denied Feb. 6, 1986.

Bernard R. Suchocki, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., Michael E. Clark, Asst. Dist. Atty., Galveston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to the offense of aggravated robbery and assessed punishment at confinement for seven years. Issues before us concern the sufficiency of the evidence to sustain the conviction, the constitutionality of statutes making one criminally liable as a "party" and the denial of a specially requested charge on the law of parties. We affirm.

In his first ground appellant contends the court erred in overruling his "Motion for A Directed Verdict for Dismissal" because there was no evidence, or in the alternative, there was insufficient evidence to show the offense of aggravated robbery. Prior to a discussion of the evidence it is appropriate to make two general observations concerning this ground of error. First, the sufficiency of evidence to sustain a criminal conviction is a question of law and the courts of appeals do not have the authority to set aside a fact finding in such case on the ground that it is contrary to the overwhelming preponderance of the evidence. *Wicker v. State,* 667 S.W.2d 137 (Tex.Crim.App.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 268, 83 L.Ed.2d 204; *Combs v. State,* 643 S.W.2d 709 (Tex.Crim.App. 1982), *Arvay v. State,* 646 S.W.2d 320 (Tex. App.—5th Dist.1983, pet. ref'd.). And, second, appellate review of the failure to grant an instructed verdict of not guilty is waived when the accused proceeds with trial and puts forth a defense. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex. Crim.App.1980). Therefore, we will examine all the evidence from both the state and the defense and determine whether, after

viewing it "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State,* 699 S.W.2d 589, 591 (Tex. App.—Houston [14th Dist.] 1985).

On March 2, 1984, shortly after noon, the appellant and Larry Darnel Johnson entered a Pizza Inn in LaMarque in Galveston County. After being inside for a short time, during which time they were observed talking to each other, Johnson pulled a pistol and ordered one of the employees, Gallagher, to open the cash register. Appellant, though not armed, was standing next to Johnson. Gallagher stated he could not open the register and called Virginia Weyel, the assistant manager, to come forward from where she was in the back. Johnson lowered the pistol below the counter. When Weyel arrived at the register, he pointed the pistol at her and told her to open the cash register. As she did so, appellant handed her a bag and she put the money in the bag. Johnson then ordered Weyel to go to the office where the safe was and get the money from it. Shortly thereafter, appellant ordered Gallagher into the office. Once inside, Johnson ordered both Weyel and Gallagher to lie on the floor, which they did. Believing the robbers had left, Gallagher started to get up when Johnson cocked the pistol and told him to lay back down. When they finally heard the front door close, they got up and called the police officers. Subsequently both Johnson and appellant were arrested and identified. Appellant testified that he was inside the Pizza Inn with Johnson, but denied taking part in the robbery. Furthermore, Johnson testified and admitted robbing the Pizza Inn, but denied that appellant either participated or knew that he was intending to commit the robbery.

In contesting the sufficiency of the evidence, appellant argues (1) there was no identification of the co-defendant, (2) there was no evidence of ownership of the money taken in the robbery, and (3) there was no evidence of fear of imminent bodily injury or death. His first contention

is patently without merit as the co-defendant testified and admitted committing the offense. Concerning the second argument, it is true the prosecutor never asked Weyel, as assistant manager, questions which would qualify her as a special owner of the money belonging to the Pizza Inn. However, we have no difficulty in determining from the evidence presented that as a matter of law and fact she did so qualify. She had been an employee of Pizza Inn for three and one half years; she was temporarily assigned to the La Marque Pizza Inn as assistant manager because they needed help; there was only one other employee (Gallagher) of the Pizza Inn present and he did not know how to work the cash register. An owner is defined as anyone who has title to the property, possession of the property or a greater right to possession of the property than the actor. Tex.Penal Code Ann. § 1.07 (Vernon 1974). We believe the evidence presented was sufficient to prove she was an owner within the above definition. Concerning his third argument, it is again true that the prosecutor could easily have asked more direct questions in order to elicit clear answers. We believe the testimony given by the witness, Weyel, that she was "frightened" and "thought about getting shot" while Johnson was pointing the pistol at her is sufficient to sustain the allegations of the indictment that she was threatened and placed in fear of imminent bodily injury or death. Appellant's first ground is overruled.

■ In his second through fourth grounds appellant argues the Texas statute providing criminal responsibility for the acts committed by another person is unconstitutional because it is in violation of due process and equal protection requirements of both the federal and state constitutions. First, appellant contends that Sec. 7.01(c), which provides that the charging instrument need not allege the accused acted as a principal or accomplice, is unconstitutional because "it deprives an accused of his fundamental right to be informed of the nature and cause of the accusations against him." Tex.Penal Code Ann. § 7.01(c) (Vernon 1974). Appellant does not cite any authority supporting his contention. And, we are not impressed with his argument that "while the appellant had notice of aggravated robbery and any lesser included offense, he had no notice of any acts or omissions as to how he would have solicited, encouraged, directed, aided or attempted to aid any other person." It is the intent of Article I, Section 10 of the Texas Constitution and the Sixth Amendment of the United States Constitution that the accused in a particular case be given information upon which he may prepare his defense and this information must come from the face of the indictment. *Voelkel v. State*, 501 S.W.2d 313 (Tex.Crim.App.1973). We do not find any constitutional infirmity in the statute as contended by appellant.

■ Next, appellant attacks as unconstitutional Section 7.02(a)(2) which provides that a person is criminally responsible for an offense committed by another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 1974). He argues that the words promote, assist, solicits, encourages, directs and aids: (1) give no notice of prohibitive conduct, (2) provide no objective standard and (3) are overbroad. Again, appellant cites no cases in support of his argument. When each or all of the challenged words are read in conjunction with the beginning phrase "acting with intent to promote or assist the commission of the offense," we fail to understand any basis for a constitutional attack. Appellant's second through fourth grounds are overruled.

■ In his fifth ground appellant contends the court erred in denying his "requested charge applying the law of parties to the facts of the case." In the usual fashion, the trial court instructed the jury on the law of parties in accordance with Section 7.01 and 7.02 of the Penal Code. Tex.Penal Code Ann. §§ 7.01–7.02 (Vernon 1974). In applying this law to the facts, the court authorized the jury to find appellant guilty if he "acting alone or together with another as a party, as that term is

heretofore defined" committed the acts specified. This paragraph was followed with the usual converse instruction "[u]nless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict 'not guilty.' "

Appellant requested the following instruction:

Now if you find from the evidence beyond the reasonable doubt that on or about March 2, 1984, in Galveston County, Texas Larry Darnel Johnson did then and there while in the course of committing theft and with intent to appropriate and maintain control of property of Virginia Weyel, to wit: the money, without the effective consent of the said Virginia Weyel and with intent to deprive the said Virginia Weyel of said property, did then and there by using and exhibiting a deadly weapon, to wit: a hand gun intentionally and knowingly threatened and placed Virginia Weyel in fear of imminent bodily injury and death, but you further find that the Defendant, DUDLEY MARTIN, JR., did not act with intent to promote or assist the commission of this offense, solicit, encourage, direct, aid or attempt to aid Larry Darnel Johnson to commit the offense, or if the prosecution has failed to persuade you beyond a reasonable doubt that these facts are untrue, you will acquit the Defendant, DUDLEY MARTIN, JR., and say by your verdict "not guilty."

Appellant's requested instruction did not seek to have the jury told, if they found Johnson committed the offense, the limited circumstances under which appellant would be guilty only as a party. Rather, the requested instruction set out only the circumstances under which appellant would not be guilty as a party. Without more, the failure to give the charge was not error.

We further point out that appellant's premise that, if guilty at all he could be guilty only as a party, is not borne out by the record as we understand it. While there is some confusion in the sequence of events as related by the two young Pizza Inn employees, we believe it is clear that both appellant and Johnson entered the restaurant at the same time. When Johnson pulled the gun, appellant placed a handkerchief over a portion of his face. As Johnson held the pistol on Weyel while she opened the cash register, appellant handed a bag over the counter for her to put the money in. Both appellant and Johnson took the employees—one each—to the office to get money from the safe. We do not agree that this evidence shows that if guilty at all, appellant would be guilty only as a party. Even if it did, this was not the charge requested by appellant.

■ Finally, even if appellant had requested the charge that "if guilty at all, appellant would be guilty only as a party", the recent case of *Watson v. State*, 693 S.W.2d 938 (Tex.Crim.App.1985) dictates there was no harm in the charge as given. In *Watson*, the court held even though there is no evidence that the accused was acting alone in the commission of the offense, no harm results from the court inserting in the charge the language that the defendant was "either acting alone or as a party." *Watson* at 941. The fifth ground is overruled.

The judgment is affirmed.