PD-0661-15

PD-0661-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/29/2015 3:01:58 PM
Accepted 6/1/2015 2:54:53 PM
ABEL ACOSTA
CLERK

NO. PD-_____-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
AT AUSTIN

RUSSELL STARKS,
Petitioner/Appellant

v.

THE STATE OF TEXAS,
Respondent/Appellee

*On Appeal in Cause No. F13-32480-K
from the Criminal District Court No. 4
Of Dallas County, Texas
And on Petition for Discretionary Review
from the Fifth District of Texas at Dallas
In Cause No. 05-14-00191-CR*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

*Counsel of Record:*

**Lynn Richardson**
**Chief Public Defender**

**Katherine A. Drew**
**Chief, Appellate Division**

**Kathleen A. Walsh**
**Assistant Public Defender**
State Bar Number:  20802200
133 N. Riverfront Blvd., LB 2
Dallas, Texas 75207-399
(214) 653-3550 (*telephone*)
(214) 653-3539 (*fax*)
kwalsh@dallascounty.org

FILED IN
COURT OF CRIMINAL APPEALS

June 1, 2015

ABEL ACOSTA, CLERK

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Dominique Collins, Presiding Judge

**APPELLANT**
Russell Starks

**APPELLANT'S ATTORNEYS**
**AT TRIAL**
Alison Grinter, State Bar No. 24043476
Naomi Green, State Bar No. 24068816

**ON APPEAL**
Kathleen A. Walsh, State Bar No. 20802200

Assistant Public Defenders

Dallas County Public Defender's Office
133 N. Riverfront Blvd., LB 2
Dallas, Texas 75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
George Lewis, State Bar No. 24060167
Hilary Wright, State Bar No. 24056901

**ON APPEAL**
G. Brian Garrison, State Bar No. 24065276

Assistant District Attorneys
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

INDEX OF AUTHORITIES................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................1

STATEMENT OF THE CASE...........................................................1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ....................1

QUESTION FOR REVIEW ..............................................................1

> *Whether the Court of Appeals erred in holding that the jury charge did not contain reversible error when Appellant was prosecuted and convicted under the law of parties and there was a complete absence of any reference to the law of parties in the application paragraph.*

ARGUMENT ...............................................................................2

    Pertinent Facts .....................................................................2

    The Court of Appeals' Opinion ................................................4

    Conclusion ...........................................................................7

PRAYER FOR RELIEF ..................................................................9

CERTIFICATE OF SERVICE ...........................................................9

CERTIFICATE OF COMPLIANCE.....................................................10

APPENDIX

# INDEX OF AUTHORITIES

**Cases**

*Almanza v. State*,
  686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g.) ................................2, 4

*Brown v. Collins*,
  937 F. 2d 175 (5th Cir. 1991) ..............................................................................8

*Cole v. Arkansas*,
  333 U.S. 196 (1948) ..............................................................................................8

*Dunn v.United States,*
  442 U.S. 100 (1979) ..............................................................................................8

*Malik v. State*,
  953 S.W.2d 234 (Tex. Crim. App. 1997)..........................................................5, 8

*McCormick v. United States,*
  443 U.S. 307 (1979) ..............................................................................................8

*Plata v. State*,
  926 S.W.2d 300 (Tex. Crim. App. 1996) *overruled on other grounds by*
  *Malik v. State*, 953 S.W.2d 234 (Tex. Cim. App. 1997)...............................5, 7, 8

*Starks v. State,*
  No. 05-14-00191-CR, 2015 Tex. App. LEXIS 4530 (Tex. App.—Dallas
  May 1, 2015) (not designated for publication) ............................................*passim*

*Vasquez v. State,*
  389 S.W.3d 361 (Tex. Crim. App. 2012).......................................................4, 5, 6

*Watson v. State,*
  693 S.W.2d 938 (Tex. Crim. App. 1985).............................................................6

**Statutes**

Tex. Penal Code § 7.01............................................................................................3

Tex. Penal Code § 7.02............................................................................................3

**Rules**

Tex. R. App. P. 66.3 (c)...........................................................................................7

Tex. R. App. P. 66.3 (f) ...........................................................................................7

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

**COMES NOW** Russell Starks, Petitioner herein and Appellant before the Court of Appeals, and respectfully submits this Petition for Discretionary Review.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the facts of the case and the issues raised are such that oral argument will not significantly aid this Court's consideration and disposition of this Petition.

## STATEMENT OF THE CASE

A jury convicted Appellant of aggravated robbery and assessed punishment at imprisonment for life and a fine of $10,000. (RR5: 52, 78: CR: 87, 93).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On May 1, 2015, in a memorandum opinion, the Court of Appeals for the Fifth District of Texas affirmed Appellant's conviction. *Starks v. State*, No. 05-14-00191-CR, 2015 Tex. App. LEXIS 4530 (Tex. App.—Dallas May 1, 2015) (not designated for publication). (*See Appendix*). No motion for rehearing was filed. This Petition is timely if filed on or before May 31, 2015.

## QUESTION FOR REVIEW

*Whether the Court of Appeals erred in holding that the jury charge did not contain reversible error when Appellant was prosecuted and convicted under the law of parties and there was a complete absence of any reference to the law of parties in the application paragraph.*

## ARGUMENT

This Petition presents the question of whether the complete absence of a parties instruction in the application paragraph of the jury charge may be deemed harmless error when the law of parties is the only theory under which the conviction can be supported.

### *Pertinent Facts.*

Appellant was charged with aggravated robbery by using or exhibiting a firearm. (CR: 9). Based on the testimony presented by the complainant, it was undisputed that Appellant himself never used or exhibited a firearm in the course of the robbery. Review of the State's voir dire, the State's opening statement, questions posed to the complainant, and the prosecutor's closing argument, makes it clear that the State's prosecution of Appellant was based upon the theory of party liability. (RR3: 40-42; RR4: 8-9, 83; RR5: 36-37, 46-47, 50-51). Indeed, the Dallas Court acknowledged as much in its opinion in its application of the *Almanza*[1] factors. *Starks*, 2015 Tex. App. LEXIS 4530 at *8-11.

Because the State's prosecution was based upon the theory of party liability, the trial court included instructions on the law of parties in the abstract portion of the charge, as follows:

---

[1] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g).

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, direct, aids, or attempts to aid the other person to commit the offense.

Each party to an offense may be charged with the commission of the offense. Mere presence alone at the time and the place of the commission of an offense, or knowledge of an offense, if any was committed, does not constitute one criminally responsible as a party to the offense.

(CR: 82-83). *See* TEX. PENAL CODE §§ 7.01, 7.02.

The application paragraph read as follows:

Now, considering all the law contained in the court's charge, if you find and believe from the evidence beyond a reasonable doubt that on or about January 11, 2013, in Dallas County, Texas, the defendant, RUSSELL STARKS, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to maintain control of said property, threaten and place THERESA ZAHN-BURNAM, hereinafter called complainant, in fear of imminent bodily injury and death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, you shall find the defendant guilty of aggravated robbery as charged in the indictment.

Unless you so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

(CR: 84). Both parties stated that they had no objections to the charge. (RR4: 135).

3

***The Court of Appeals' Opinion.***

In affirming the conviction, the Dallas Court found that although the trial court erred in failing to directly apply the law of parties to the facts, it was "inconceivable how the jury could have been misled by the court's charge", and was "unable to determine how appellant was harmed by the charge". *Starks*, 2015 Tex. App. LEXIS 4530 at *11-12. The court of appeals based its decision in part on the fact that the charge contained the abstract definition of the law of parties and cited this Court's decision in *Vasquez v. State*, 389 S.W.3d 361 (Tex. Crim. App. 2012) for the proposition that "a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph." *Starks*, 2015 Tex. App. LEXIS 4530 at *9. The Dallas Court's reliance on this Court's decision in *Vasquez* is clearly misplaced.

In *Vasquez*, this Court reviewed an application paragraph which applied the law of parties by simply using the phrase, "acting alone or as a party (as herein defined)." *Vasquez*, 389 S.W.3d at 364, n. 5. The appellant objected to the trial judge's failure to apply the law of parties to the facts in the application paragraph. *Id*. at 369. After applying the *Almanza* analysis, this Court found that the appellant's rights were not harmed. *Id*. at 372. In reaching its decision, this Court held:

> [A] general reference to the law of parties in the application paragraph is sufficient and is not error when the defendant does not object and

4

request a narrowing of the specific statutory modes of conduct that constitute party liability—whether he 'solicited, encouraged, directed, aided or attempted to aid" another specified person to commit the offense. But if the defendant does request that the application paragraph refer *only* to those specific party-liability acts that are supported by the evidence, then he is entitled to such a narrowing. The failure to narrow the specific modes of party-liability conduct when properly requested is reversible error if the defendant has suffered actual harm to his rights.

*Id*. at 368.

In analyzing the charge issue in *Vasquez*, this Court also referred to its decision in *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). In *Plata*, this Court "held that an application paragraph that made no mention of the law of parties 'either directly or by reference . . . for an offense committed by the conduct of his codefendant,' was erroneous, and the defendant was harmed because the evidence was insufficient to convict him as a principal." *Vasquez*, 389 S.W.3d at 368 (citing *Plata*, 926 S.W.2d at 304).

The outcome in this case is controlled by this Court's decision in *Plata*, not *Vasquez*. The facts are identical to those in *Plata* — the application paragraph makes no mention of the law of parties either directly or by reference and the evidence is insufficient to convict Appellant as a principal.

The Dallas Court also based its decision on their review of the record showing evidence that Appellant was one of two individuals who participated in

the aggravated robbery, as well as statements made by the prosecutor during voir dire, opening statement, and closing arguments which clearly indicated that the State's theory of prosecution was based upon party liability. The Dallas Court then concluded that based upon the record, "it is inconceivable to us how the jury could have been misled by the court's charge", citing this Court's decision in *Watson v. State*, 693 S.W.2d 938, 940 (Tex. Crim. App. 1985). *Starks*, 2015 Tex. App. LEXIS 4530 at *11-12. Like *Vasquez,* the decision in *Watson* is factually distinguishable from this case and does not support the opinion from the Dallas Court. Like *Vasquez*, the application paragraph in *Watson* clearly referenced the law of parties when it used the phrase, "acting either alone or as a party to the offense". *Watson*, 693 S.W.2d at 941. In this case, there is no reference whatsoever to the law of parties in the application paragraph.

In its opinion, the Dallas Court also cites *Watson* for the proposition that a charge requiring the jury to find that defendant acted alone increases the State's burden and thus benefits the defendant. *Starks*, 2015 Tex. App. LEXIS 4530 at *12. The Dallas Court then states: "Similar to *Watson*, here the State had to satisfy a heavier burden in proving to the jury that the appellant acted alone in committing the aggravated robbery. If anything, appellant was helped by the court's charge." *Id*. This statement appears to be an admission by the Dallas Court that the jury was not authorized to convict Appellant under the law of parties and clearly conflicts

6

with the position taken by the court of appeals in most of the opinion's analysis. According to the opinion, on the one hand, the jury could not have been misled by the court's charge because the abstract definitions pertaining to the law of parties, together with the evidence and arguments of the State showing that Appellant was guilty as a party, was adequate to authorize Appellant's conviction as a party. While on the other hand, Appellant allegedly benefited from the charge because the State had to prove that Appellant acted alone in committing the aggravated robbery despite all of the evidence showing his guilt only as a party. Either the charge authorizes a conviction under the law of parties, or it does not. Appellant's right to due process does not allow the Dallas Court to straddle the fence on this issue.

### *Conclusion.*

This Court should grant this Petition because the Dallas Court of Appeals has decided this case in a way that conflicts with this Court's decisions regarding the rule of law applicable to jury charges. TEX. R. APP. P. 66.3 (c), (f).

This Court has uniformly insisted that the State may not support a jury verdict of guilty upon the theory that an accused was criminally responsible for an offense committed by the conduct of another person unless the court's charge specifically and adequately authorizes the jury to convict the accused upon that theory. *Plata*, 926 S.W.2d at 304. A charge is adequate for this purpose only if it

7

either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs. *Id*. (*and cases cited therein*).

In *Malik*, this Court recognized that due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury. *Malik v. State*, 953 S.W.2d 234, 238 n. 3 (Tex. Crim. App. 1997) (*citing McCormick v. United States*, 500 U.S. 257, 269-70 & 270 n. 8 (1991); *Dunn v. United States*, 442 U.S. 100 (1979); *Cole v. Arkansas*, 333 U.S. 196, 201-02 (1948)). In *Malik,* this Court also noted the Fifth Circuit's holding in *Brown v. Collins*, 937 F.2d175, 182 (5th Cir. 1991) which implied "that the complete absence of a parties instruction from the jury charge may present constitutional problems." *Malik*, 953 S.W.2d at 238 n. 3.

## PRAYER FOR RELIEF

For the reasons herein alleged, Appellant prays this Court grant this petition and, upon reviewing the judgment entered below, remand the case for a new trial.

Respectfully submitted,

/s/ Kathleen A. Walsh

Kathleen A. Walsh
Assistant Public Defender
State Bar No. 20802200
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, TX. 75207-4399
(214) 653-3550 (telephone)
(214) 653-3539 (fax)

Lynn Richardson
Chief Public Defender
Dallas County

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2015, a true copy of the foregoing petition for discretionary review was served by electronic delivery to G. Brian Garrison, Assistant District Attorney, at Brian.Garrison@dallascounty.org.; and was also served by electronic delivery to Lisa C. McMinn, State Prosecuting Attorney, at Lisa.McMinn@spa.texas.gov.

/s/ Kathleen A. Walsh

Kathleen A. Walsh

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count in this document, which is prepared in Microsoft Word 2010, is 2,592.

/s/ Kathleen A. Walsh
Kathleen A. Walsh



APPENDIX



No *Shepard's* Signal™
As of: May 28, 2015 3:52 PM EDT

# *Starks v. State*

Court of Appeals of Texas, Fifth District, Dallas

May 1, 2015, Opinion Filed

No. 05-14-00191-CR

**Reporter**

2015 Tex. App. LEXIS 4530

RUSSELL STARKS, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On Appeal from the Criminal District Court No. 4, Dallas County, Texas. Trial Court Cause No. F-1332480-K.

## Core Terms

parties, jury charge, commission of the offense, aggravated robbery, gun, criminally responsible, convicted, robbery, modify, purse, talk, deadly weapon, trial court, approached, porch

## Case Summary

### Overview

HOLDINGS: [1]-In the absence of a request or objection, the trial court's charge was adequate to authorize defendant's conviction as a party and the court's failure to directly apply the law of parties to the facts was not fundamental error, and a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph; [2]-A reasonable jury could have concluded that defendant was acting with intent to promote or assist the commission of the offense; [3]-Defendant was not harmed by the charge as the State had a heavier burden in proving to the jury that defendant acted alone in committing the aggravated robbery; [4]-The judgment was modified to reflect that defendant was convicted under the Penal Code.

### Outcome

Judgment affirmed as modified.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Robbery > Armed Robbery > Elements

*HN1* A person commits an offense if he commits robbery as defined in *Section 29.02*, and he uses or exhibits a deadly weapon, *Tex. Penal Code Ann. § 29.03(a)* (2011). *Tex. Penal Code Ann. § 29.02* (2011) states: (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Criminal Law & Procedure > Appeals > Reversible Error > Jury Instructions

*HN2* The appellate court reviews complaints of jury charge error by first determining whether error exists. If error exists, the appellate court must determine whether the error caused sufficient harm to warrant reversal. When the error was not objected to, the error must be fundamental and requires reversal only if it was so egregious and created such harm that the defendant has not had a fair and impartial trial. Egregious harm consists of error affecting the very basis of the case or depriving the defendant of a valuable right. Egregious harm exists when a defendant has suffered actual, rather than merely theoretical, harm from jury-charge error. The appellate court assesses harm in light of the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Elements of Offense

*HN3* A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense, *Tex. Code Crim. Proc. Ann. art. 36.14* (2007). The meaning of a jury instruction must be taken from the whole charge, and jurors are not authorized to return a verdict except under those conditions given by the application paragraph of the charge. A jury charge is adequate if it either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

Criminal Law & Procedure > Appeals > Reversible Error > Jury Instructions

*HN4* The appellate court assesses harm in light of the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole.

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Elements of Offense

*HN5* A charge on the law of parties enlarges a defendant's criminal responsibility. Likewise in the converse, a charge requiring the jury to find that a defendant acted alone increases the State's burden and thus benefits the defendant.

Criminal Law & Procedure > Sentencing > Corrections, Modifications & Reductions > Court's Authority

*HN6* The appellate court has the power to modify an incorrect judgment and make the record speak the truth when it has the necessary data and information to do so, *Tex. R. App. P. 43.2(b)*. The appellate court's authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; the appellate court may act sua sponte and may have a duty to do so.

**Counsel:** For appellants: Kathleen Walsh, Katherine Drew, Lynn Richardson, Dallas, TX.

For appellees: G. Brian Garrison, Susan Hawk, Dallas, TX.

**Judges:** Before Justices Myers, Evans, and Brown. Opinion by Justice Brown.

**Opinion by:** ADA BROWN

# Opinion

**MEMORANDUM OPINION**

Opinion by Justice Brown

Appellant Russell Starks appeals his jury conviction for aggravated robbery. After finding appellant guilty, the jury assessed his punishment at life imprisonment and a $10,000 fine. On appeal, appellant raises a single point of error complaining he was convicted on legal and factual grounds that were not submitted to the jury. As modified, we affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *Tex. R. App. P. 47.2(a)*, *47.4*.

On January 11, 2013, complainant Theresa Zahn-Burnam returned to her home around 8:00 p.m. As she inserted her house key into her front door lock, a black man wearing a gray hoodie approached her on her porch and ordered her to open the door. Knowing her two sons were alone inside the house, she dropped to the ground and curled up into a fetal position. As she lay on the ground, she became aware that the man was holding a gun. The man holding the gun said, "If you say a word, I will just shoot **[*2]** you now." She began to scream for help and then a second black man wearing a striped polo shirt approached her on the porch. At first, she thought the second man heard her screams and had come to help her. However, when the second man approached the porch, he asked, "Where is your purse? Where is your purse?" Ms. Zahn-Burnam handed over her purse and the two men ran away. After they were out of sight, she went inside her house, called the police and provided a description of the suspects.

Sergeant Rodell Byrd testified he was off duty at a local shopping center at the time of the robbery. He received a call about the robbery because he was approximately one block from the location. Byrd responded in his personal, un-marked vehicle and began searching the area for the suspects. He saw two males matching the provided description in a vehicle and called for marked patrol units to respond. He continued to follow the suspects until the patrol units arrived. Byrd dropped back and let the patrol units approach the vehicle. When the lights and sirens were activated by the police, the suspects fled at a high rate of speed, and the officers gave chase. Byrd testified Charles Polk was apprehended, **[*3]** and they found his hooded sweatshirt in the vehicle with a cell phone, a Target receipt, and small caliber ammunition.

Officer Jason Peacock testified he was in one of the patrol units that approached the suspects' vehicle. Peacock chased

the vehicle until it ran across a median and became disabled. Peacock saw appellant, wearing a striped polo shirt, exit the vehicle and run. He chased the appellant until appellant gave up, at which time appellant was apprehended by Peacock.

The police escorted Ms. Zahn-Burnam to the location of the apprehension where she was one hundred percent certain of the identification of Charles Polk. Due to the lighting in the street, she was not completely certain about the identity of appellant, even though he was wearing a striped polo shirt as she had described to the police during her 9-1-1 call.

Evidence was introduced of surveillance video from a local Target store that showed appellant and Polk shopping together approximately one hour before the robbery occurred. The police department also investigated the disabled vehicle and found the owner, who reported loaning the vehicle to her boyfriend, who in turn loaned the vehicle to appellant on the night of [*4] the robbery. And finally, evidence was introduced of appellant speaking to a third party during a jail telephone call when appellant stated, "Hey, your girlfriend did good by reporting the vehicle stolen," and when discussing whether or not they "got away safe," appellant stated, "It all come from him not doing what I told him to do, put her to sleep. It would have never happened, all that hollering and screaming and shit wouldn't never happened."

Appellant was indicted for aggravated robbery and entered a plea of "not guilty." A jury found appellant guilty of the offense charged. Appellant entered a plea of "not true" to the enhancement paragraph alleged in the indictment. The jury found the allegation of a prior offense for burglary of a habitation to be true and assessed appellant's punishment at life imprisonment and a fine of $10,000.

In a single point of error, appellant argues the application paragraph failed to authorize a conviction under the law of the parties and appellant was therefore convicted on legal and factual grounds that were not submitted to the jury.

The jury charge read, in relevant part:

All persons are parties to an offense who are guilty of acting together in [*5] the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

. . .

Now, considering all the law contained in the court's charge, if you find and believe from the evidence beyond a reasonable doubt that on or about January 11, 2013, in Dallas County, Texas, the defendant, RUSSELL STARKS, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place THERESA ZAHN-BURNAM, hereinafter called complainant, in fear of imminent bodily injury and death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, you shall find the defendant guilty of aggravated robbery as charged in the indictment.

The language of the application paragraph tracked [*6] the language of the indictment. At trial, both parties stated that they had no objections to the charge.

Appellant was charged under *section 29.03*, which states, *HN1* "A person commits an offense if he commits robbery as defined in *Section 29.02*, and he . . . uses or exhibits a deadly weapon." *TEX. PENAL CODE ANN. § 29.03(a)* (West 2011). *Section 29.02* states:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

*TEX. PENAL CODE ANN. § 29.02(a)* (West 2011).

*HN2* We review complaints of jury charge error by first determining whether error exists. *Kirsch v. State, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)*. If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005)*. When, as here, the error was not objected to, the error must be fundamental and requires reversal "only if it was so egregious and created such harm that the defendant has not had a fair and impartial trial." *Barrios v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009)* (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.

1985) (op. on reh'g)). Egregious harm consists of error affecting the very basis of the case or depriving the defendant of [*7] a valuable right. *Nava v. State, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013)*. Egregious harm exists when a defendant has suffered actual, rather than merely theoretical, harm from jury-charge error. *Id*. We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

Appellant argues that the application paragraph in the jury charge failed to include the language for a finding of party liability and there was no evidence that appellant ever used or exhibited a firearm in the course of the robbery. Appellant complains he was convicted on legal and factual grounds that were not submitted to the jury and was denied his right to due process. The State concedes that the trial court erred in charging the jury but contends appellant failed to establish he was egregiously harmed by the error.

**HN3** "A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense." *Martin v. State, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006)*; *see* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. *art. 36.14* (West 2007). "The meaning of a jury instruction must be taken from the whole charge, and jurors are not [*8] authorized to return a verdict except under those conditions given by the application paragraph of the charge." *Delapaz v. State, 228 S.W.3d 183, 212 (Tex. App.—Dallas 2007, pet. ref'd)*. A jury charge is adequate

> if it either contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized, or contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs.

*Plata v. State, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996)*, *overruled on other grounds by* *Malik v. State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997)*.

Because the State concedes the trial court likely erred, we conduct a harm analysis using the *Almanza* factors. *Nava, 415 S.W.3d at 298*. **HN4** We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

With respect to the entire jury charge, in this case the charge contained the correct abstract definition of party liability. However, the application paragraph did not explicitly apply the abstract law of parties to the facts of the case. [*9] Instead, it instructed the jury should find appellant guilty if, "considering all the law contained in the court's charge," they found appellant committed the offense. The jury needed only to refer to the previous section, which defined criminal responsibility as a party. In the absence of a request or objection, however, the trial court's charge was adequate to authorize appellant's conviction as a party and the court's failure to directly apply the law of parties to the facts was not fundamental error. *Greene v. State, 240 S.W.3d 7, 15-16 (Tex. App.—Austin 2007, pet. ref'd)*. We conclude that "a reasonable jury would refer to the abstract definition of the law of parties without needing to have it repeated again in the application paragraph." *Vasquez v. State, 389 S.W.3d 361, 371 (Tex. Crim. App. 2012)*.

The next *Almanza* factor for this Court to consider is the state of the evidence. *Nava, 415 S.W.3d at 298*. The record shows appellant was one of two individuals who participated in the aggravated robbery. The evidence that appellant, approached Ms. Zahn-Burnam and demanded her purse, after Polk pointed a gun at her, was uncontroverted. Ms. Zahn-Burnam testified it was clear to her that the two men were working together. A reasonable jury certainly could have concluded that appellant was "acting with intent to promote or assist the commission [*10] of the offense."

Lastly, we must consider the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Nava, 415 S.W.3d at 298*. The record shows that during voir dire, the State's attorney stated the following:

> Now, I want to talk to you guys about some more legal stuff. This is called a law of parties. Now, the law of parties has got this big mumbled legal thing again. I'm going to read it to you, and talk about what it is.
>
> "A person is criminally responsible for the conduct of another, if acting with the intent to promote or assist the commission of the crime. He solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."

And then during the State's opening statement, the attorney elaborated,

> After you hear all the evidence, the overwhelming evidence in this case, ladies and gentlemen, there will be no doubt that on January 11, 2013, this defendant,

Mr. Russell Starks and codefendant, Charles Polk, committed aggravated robbery with a deadly weapon, and we would ask that you find him guilty.

During the trial, when the trial court asked if anyone objected to the proposed jury charge, neither party had any objections. And then **[*11]** during the closing argument, the State argued:

> I want to talk to you also about the law of parties, something that we talked about earlier. We talked about the law of parties. And so I just want to highlight for you why both of the people on that front porch was [sic] responsible for the aggravated robbery. We obviously know that one person had the gun. And that person was identified immediately. That person had the gun and he had it out so that she could see it. He had the gun and he pointed it, but he also had it down. But it was visible the entire time. Remember we talked about using or exhibiting that deadly weapon. That gun was the enforcement. That gun was letting them do whatever they wanted to do on that porch, including having Mr. Starks come up and take her purse. And he didn't have to grab it from her because that enforcer was there. All he had to do was ask and she gave it to him. Both of those people had a plan. And she knew that they were together once they came up and said, give me your purse. So they are both guilty of aggravated robbery.

After a careful review of the entire record, "it is inconceivable to us how the jury could have been misled by the court's charge." **[*12]** *Watson v. State, 693 S.W.2d 938, 940 (Tex. Crim. App. 1985)* (jury application paragraph that authorized conviction if the jury found that the defendant "acting either alone or as a party to the offense" committed burglary was harmless under *Almanza* analysis when there was no evidence to support conviction as a principal; jury must have found defendant guilty as a party).

Further, we are unable to determine how appellant was harmed by the charge. The Court of Criminal Appeals has explained, *HN5* "A charge on the law of parties enlarges a defendant's criminal responsibility. *Romo v. State, 568 S.W.2d 298 (Tex. Crim. App. 1978)* (op. on reh'g). Likewise in the converse, a charge requiring the jury to find that a defendant acted alone increases the State's burden and thus benefits the defendant. *Watson v. State, 693 S.W.2d 938, 942 (Tex. Crim. App. 1985)*. Similar to *Watson*, here the State

had to satisfy a heavier burden in proving to the jury that the appellant acted alone in committing the aggravated robbery. If anything, appellant was helped by the court's charge. We find the error to have been harmless.

However, we do take a sua sponte action in regard to this case. The judgment incorrectly states that appellant was convicted under the "Statute for Offense: *29.03* Tax Code." *HN6* This Court has the power to modify an incorrect judgment and make the record speak the **[*13]** truth when we have the necessary data and information to do so. *Tex. R. App. P. 43.2(b)*; *see Woods v. State, 398 S.W.3d 396, 406 (Tex. App.—Dallas 2013, pet. ref'd)*. "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Woods, 398 S.W.3d at 406* (citing *Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd))*. The record shows appellant was convicted for aggravated robbery with a deadly weapon under *section 29.03* of the "Penal" Code and not the "Tax" Code. Accordingly, we modify the trial court's judgment to remove "Tax Code" as "Statute for Offense" and in its place to reflect "Penal Code" as "Statute for Offense."

In conclusion, we modify the trial court's judgment to reflect appellant was convicted under the Penal Code. As modified, we affirm the trial court's judgment.

/Ada Brown/

ADA BROWN

JUSTICE

Do Not Publish

*Tex. R. App. P. 47.2(b)*.

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> Tax Code will be removed as the Statute for Offense and Penal Code will be replaced in its stead.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 1st day of May, 2015.