The STATE of Texas, Appellant

v.

Jay Sandon COOPER, Appellee.

Nos. 05–11–00478–CR, 05–11–00479–CR.

Court of Appeals of Texas,
Dallas.

July 24, 2012.

Discretionary Review Granted
May 8, 2013.

Jay Sandon Cooper, pro se.

Rodney Dwaine Patten, Asst. City Atty. III, Plano, for The State of Texas.

Before Justices MOSELEY, FITZGERALD, and MARTIN RICHTER.

## OPINION

Opinion By Justice MOSELEY.

The issue in both of these cases is this: what constitutes an offense under the City's Property Maintenance Code? The City of Plano asserts it is an offense to fail to comply with specific sections of the International Property Maintenance Code, as adopted by the City as part of its Property Maintenance Code. Jay Sandon Cooper asserts the City's Property Maintenance Code makes it an offense to fail to comply with the Code *after receiving notice of non-compliance.*

The City filed two misdemeanor complaints against Cooper based on alleged violations of portions of the City's Property Maintenance Code. Specifically, he was charged with (1) not maintaining the exterior of a structure in good repair and in a structurally sound manner and (2) not supplying hot and cold running water to plumbing fixtures in a house.[1] The Plano

---

1. The complaints alleged that Cooper, having care, custody, or control of the property, on or about August 12, 2009:

   did then and there violate International Property Maintenance Code Sec. 304.1, General, adopted under City of Plano Code of Ordinances Section 6–46, by not maintaining the exterior of a structure in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare, to-wit: **exterior brick wall in front of home not maintained structurally sound and in good repair,** within the incorporated limits of the City of Plano, Collin County, Texas,

   and

   did then and there violate International Property Maintenance Code Sec. 505.1, Water System, adopted under the City of Plano Code of Ordinances Section 6–46, by failing to supply all kitchen sinks, lavatories, laundry facilities, bathtubs and showers with hot or tempered and cold running water in accordance with the International Plumbing Code, to-wit: **failure to supply hot or tempered and cold running water to**

Municipal Court found Cooper guilty under both complaints and fined him $300 in the first case (our cause number 05–11–00478–CR) and $200 in the second case (our cause number 05–11–00479–CR). Cooper appealed both cases for trial de novo to the county court at law and moved to dismiss the complaints for failure to state an offense.

After hearing the arguments of the parties, the county court at law agreed with Cooper and dismissed the complaints. In a single issue, the State argues the trial court erred in dismissing the cases. Finding no reversible error, we affirm the trial court's orders.

## STANDARD OF REVIEW AND APPLICABLE LAW

■ Because resolution of the issues in these cases does not turn on an evaluation of the credibility and demeanor of witnesses, we apply a de novo standard of review to the trial court's decision to dismiss the complaints. *See State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004) (modifying standard of review for motion to quash indictments to de novo instead of abuse of discretion); *see also State v. Barbernell,* 257 S.W.3d 248, 251–52 (Tex.Crim.App.2008).

■ A complaint in municipal court proceedings must, among other requirements, "show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state." TEX.CODE CRIM. PROC. ANN. art. 45.019(a)(4) (West 2006). A complaint must state facts sufficient to show the commission of a charged offense, but not with the same particularity as required for

plumbing fixtures and sanitary facilities, within the incorporated limits of the City of

an indictment or information. *See Vallejo v. State,* 408 S.W.2d 113, 114 (Tex.Crim.App.1966); *Schmitz v. State,* 952 S.W.2d 922, 924 (Tex.App.-Fort Worth 1997, pet. ref'd).

■ Courts engage in a two-step analysis to determine whether a charging instrument provides adequate notice. First, a court must identify the elements of an offense. The elements of an offense include: the forbidden conduct; the required culpability; any required result; and the negation of any exception to the offense. *See* TEX. PENAL CODE ANN. § 1.07(a)(22) (West Supp.2011); *Barbernell,* 257 S.W.3d at 255. Second, if the definition of an offense provides for alternative manners or means of committing an act or omission, the charging instrument must also allege the specific manner and means of commission that the State intends to rely on at trial. *See Barbernell,* 257 S.W.3d at 255.

Conduct does not constitute an *offense* unless it is defined as an offense by statute, municipal ordinance, order of a commissioners court, or rule authorized by and lawfully adopted under a statute. TEX. PENAL CODE ANN. § 1.03(a) (West 2011).

■ We construe statutes and ordinances according to the plain meaning of the text without resort to extratextual sources unless doing so would lead to absurd consequences or the statute is ambiguous. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991); *see also Taylor v. State,* 117 S.W.3d 848, 850 (Tex. Crim.App.2003) (rules of statutory construction also apply to city ordinances). We presume the enacting body intended for the entire statutory scheme to be effective. *See* TEX. GOV'T CODE ANN.

Plano, Collin County, Texas.

§ 311.021(2) (West 2005); *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex.Crim.App. 2012) (in construing a statute, courts look to other provisions within entire "statutory scheme" rather than merely the single, discrete provision at issue).

## CONTENTIONS OF THE PARTIES

The State argues the complaints are sufficient because they track the language of the specific sections of the Property Maintenance Code Cooper was charged with violating. Those sections provide:

> 304.1 General. The exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare.
>
> 505.1 General. Every sink, lavatory, bathtub or shower, drinking fountain, water closet or other plumbing fixture shall be properly connected to either a public water system or to an approved private water system. All kitchen sinks, lavatories, laundry facilities, bathtubs and showers shall be supplied with hot or tempered and cold running water in accordance with the *International Plumbing Code*.

Int'l Prop. Maintenance Code §§ 304.1, 505.1 (2003).[2]

Cooper contends the offense for violating a provision of the International Property Maintenance Code is defined by section 106.3 of that code, as amended by the City in section 6–50 of the Plano Code. *See* Plano, Tex., Code § 6–50 (2011).[3] Section 106.3 provides that a person failing to comply with a notice of violation served under section 107 "shall be deemed guilty of a misdemeanor." Cooper argues the trial court properly dismissed the complaints

because they do not allege that he failed to comply with a notice of violation served under section 107 of the International Property Maintenance Code.

## ANALYSIS

■ Article III of Chapter 6 of the Plano Code of Ordinances is entitled the Property Maintenance Code. *See* Plano, Tex., Code §§ 6–45 to 6–80. Section 6–45 provides that any person found to be violating any term or provision of Article III shall be subject to a fine under section 1–4(a) ($2,000 maximum) for violations of provisions governing fire safety, zoning, or public health and sanitation other than vegetation and litter violations, and under section 1–4(b) ($500 maximum) for all other violations. *See id.* § 6–45. Section 6–46 adopts the 2003 International Property Maintenance Code and designates it the Property Maintenance Code of the City of Plano, subject to specific amendments in sections 6–50 through 6–53. *See id.* § 6–46.

The International Property Maintenance Code also contains a section governing violations, section 106. *See* Int'l Prop. Maintenance Code § 106. Of particular importance to this case is section 106.3, entitled "Prosecution of violation." This section, as amended by Plano Code section 6–50, provides:

> Any person failing to comply with a notice of violation or order served in accordance with Section 107 shall be deemed guilty of a misdemeanor, and the violation shall be deemed a strict liability offense. If the notice of violation is not complied with, the code official shall institute the appropriate pro-

---

2. Available at http://publicecodes.citation. com/icod/ipmc/2003/index.htm? bu=IC–P–2003–000010 & bu2=IC–P–2003–000017.

3. Available at http://library.municode.com/ index.aspx?clientId=10327 & stateId=43 & stateName=Texas.

ceeding at law or in equity to restrain, correct or abate such violation, or to require the removal or termination of the unlawful occupancy of the structure in violation of the provisions of this code or of the order or direction made pursuant thereto. Any action taken by the authority having jurisdiction on such premises shall be charged against the real estate upon which the structure is located and shall be a lien upon such real estate as allowed by law.

Int'l Prop. Maintenance Code § 106.3 (as amended by Plano, Tex., Code § 6–50). Other subsections make it unlawful for any person to be in violation of any of the provisions of the code (section 106.1, Unlawful acts), require the code official to serve a notice of violation or order in accordance with section 107 (section 106.2, Notice of violation), and provide that any person who shall violate a provision of the code "shall be prosecuted within the limits provided by state or local laws" (section 106.4, Violation penalties).

Section 107 requires that whenever a code official determines there has been a violation of the code, notice shall be given to the person responsible for the violation. *Id.* § 107.1. The notice must include a statement of the violation and a correction order allowing a reasonable time to make repairs, and inform the property owner of the right to appeal. *Id.* § 107.2. Penalties for noncompliance with orders and notices are as set forth in section 106.4. *Id.* § 107.4.

This case turns on whether the State may prosecute a violation of the individual requirements of the International Property Maintenance Code or whether it must follow section 106.3 and prosecute the fail-

ure to comply with a notice of violation of those requirements.

The State asserts sections 304.1 and 505.1 clearly establish an offense. It argues the International Property Maintenance Code as adopted by the City provides a permissive presumption of a violation of the code if (1) the exterior of a structure is not maintained in good repair and in a structurally sound manner and (2) hot and cold running water is not supplied to plumbing fixtures in a house.

We disagree. These sections establish certain requirements for exterior structures and certain plumbing facilities,[4] but nothing in these sections defines an offense for violation of their requirements. They also do not identify or dispense with any required culpability. *See* TEX. PENAL CODE ANN. § 1.07(a)(22).

But even if sections 304.1 and 505.1 define some elements of an offense, they cannot be read in isolation from the remainder of the International Property Maintenance Code and the Plano Code. These sections are part of a larger comprehensive code that contains a specific section dealing with violations (section 106) and with notices and orders (section 107). *See* Int'l Prop. Maintenance Code §§ 106, 107. The State's argument ignores these provisions.

In contrast to sections 304.1 and 505.1, section 106.3 identifies the forbidden conduct—failing to comply with a notice of violation or order—and dispenses with a culpable mental state. The section declares such conduct is a misdemeanor. *See* Int'l Prop. Maintenance Code § 106.3. Plano Code sections 6–45 and 1–4 set the permissible fines for the misdemeanor.

---

4. For example, the exterior of a structure "shall be maintained" in a certain manner, Int'l Prop. Maintenance Code § 304.1, and certain plumbing facilities "shall be supplied with" hot or tempered and cold water, *id.* § 505.1.

*See* Plano, Tex., Code §§ 1–4, 6–45 (maximum $2,000 fine for provision governing fire safety, zoning, or public health and sanitation other than vegetation or litter violations and maximum $500 fine for all other violations). Thus, a misdemeanor offense under section 106 is a strict liability offense and is defined as a person's failing to comply with a notice of violation or order served in accordance with section 107. This offense is punishable by a fine of up to $2,000 for a violation of a provision governing fire safety, zoning, or public health and sanitation other than vegetation or litter violations and up to $500 for a violation of any other provision.

The State tries to bypass section 106.3 by arguing that code section 6–45 sets a penalty for violating any provision of the Property Maintenance Code. The State also argues section 106.1 makes it unlawful for any person to violate any provision of the Property Maintenance Code and section 106.4 provides that any person who violates a provision of the Property Maintenance Code "shall be prosecuted within the limits provided by state or local laws." The problem with these contentions is that they completely ignore the existence of section 106.3. The State offers no explanation or analysis of how sections 106.1 and 106.4 allow for a prosecution without the requirement in section 106.3 that a person fail to comply with a notice or order under section 107.

▮ The State's position—that failure to comply with a notice of violation is not an element of the offense—renders section 106.3 essentially meaningless. However, we must " 'presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.' " *Harris v. State,* 359 S.W.3d 625, 629 (Tex.Crim.App.2011) (quoting

*State v. Hardy,* 963 S.W.2d 516, 520 (Tex. Crim.App.1997)).

▮ Considering the entire statutory scheme of the Plano Property Maintenance Code and giving effect to all its provisions, we conclude the State must prosecute violations of particular requirements, such as sections 304.1 or 505.1, through the provisions of sections 106 and 107, including the provision in section 106.3 that any person failing to comply with a notice of violation or order "shall be deemed guilty of a misdemeanor."

Because the complaints failed to allege an element of the offense—that Cooper failed to comply with a notice of violation or order served in accordance with section 107—the trial court did not err by granting the motions to dismiss. This conclusion supports the trial court's ruling; therefore, we do not address the State's arguments about whether the complaints provided notice of the offenses. *See* Tex. R.App. P. 47.1.

### CONCLUSION

We conclude the trial court did not err by granting Cooper's motion to dismiss the complaints. We overrule the State's sole issue on appeal and affirm the trial court's orders.