**AFFIRM; and Opinion Filed February 8, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00732-CR
_____

**ALEXANDER HOWELL TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-16-R0002-D**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Brown

Following a jury trial in municipal court, the jury found Alexander Howell Turner guilty

of the traffic offense of expired registration and assessed a fine. After the municipal court denied

his amended motion for new trial, appellant appealed to the county criminal court of appeals, which

affirmed his conviction. He now appeals to this Court. *See* TEX. GOV'T CODE ANN.

§ 30.00027(a)(1) (West Supp. 2017). We affirm the judgment of the county criminal court of

appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

When as here the maximum possible punishment for an offense is by fine only, if written

notice of an offense has been prepared, delivered, and filed with the court and a legible duplicate

copy has been given to the defendant, the written notice serves as a complaint to which the

defendant may plead guilty, not guilty, or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 27.14(d) (West Supp. 2017). If the defendant pleads not guilty to the offense or fails to appear based on the written notice, a complaint shall be filed that meets the requirements of chapter 45 of the code, and that complaint serves as an original complaint. *Id.*; *see id.* § 45.019(a) (West 2006).

On October 22, 2013, the Desoto Police Department issued appellant a traffic citation for "Expired/No Registration." By his signature, appellant agreed to appear within twenty days. He did not appear within twenty days and was later charged with violating his promise to appear. In February 2015, appellant's counsel informed the municipal court in writing that appellant was pleading not guilty to both allegations.

The record contains an amended complaint dated March 4, 2015. There is no original complaint in record.[1] The amended complaint alleged appellant operated a motor vehicle upon a public street or highway in Dallas County and

> unlawfully failed to attached [sic] thereto, two (2) license number plates, one plate at the front and one plate at the rear, which have been duly and lawfully assigned by the Texas Department of Transportation for said vehicle for the current registration period and validated by the attachment of a symbol, tab, or other device for the current registration period to the lower left corner of the windshield of said motor vehicle, and it being after the fifth working day after the expiration date of the registration of the vehicle.

That same day, March 4, 2015, the municipal court held a pretrial hearing.

Soon thereafter appellant moved to recuse the municipal court judge from all future proceedings in his cases. The judge declined to recuse himself and referred the motion to the Presiding Judge of the First Administrative Judicial Region. The judge assigned to hear the motion, a former justice on this Court, Michael O'Neill, denied the recusal motion. In June 2015, appellant filed a second motion to recuse the municipal court judge, which he later moved to

---

[1] At the initial hearing, the prosecutor stated that the "electronic file" indicated a complaint was generated on January 10, 2014, but she was not able to pull up a copy. Nor was the original complaint in the municipal court's file.

withdraw. By order signed September 30, 2015, Justice O'Neill granted the motion to withdraw the recusal motion and denied any remaining recusal requests.

A one-day jury trial was held on October 28, 2015, in the municipal court. Desoto Police Officer Brian Ziegler testified that he was on patrol on the night of October 22, 2013. He observed appellant's vehicle, a black SUV, traveling on East Pleasant Run Road. The vehicle was in front of him, and the officer ran the license plate through "NCIC/TCIC." The results showed the registration for the vehicle expired in June of that year. Ziegler initiated a traffic stop. At that time, he looked at the windshield and observed that the registration sticker on the vehicle was expired. The prosecutor asked Ziegler if the vehicle had two license plates. The officer did not recall if it had a front license plate, but testified he did not issue appellant a citation for not having a front license plate. Ziegler also testified that the rear license plate was duly issued by the "Texas Department of Transportation."

The jury found appellant guilty of the offense of expired registration and assessed a $200 fine. Appellant filed a motion for new trial, which he later amended. The municipal court judge denied the amended motion for new trial. Appellant appealed to the county criminal court of appeals and filed a brief raising eleven "points of reversible error." By opinion and order dated May 24, 2017, the county criminal court of appeals affirmed the municipal court's judgment. Appellant then filed a notice of appeal in this Court.

To perfect an appeal from the judgment of a municipal court of record, an appellant must file a motion for new trial setting forth "the points of error of which the appellant complains." *Canada v. State*, No. 03-17-00091-CR, 2017 WL 3585203, at *1 (Tex. App.—Austin Aug. 17, 2017, no pet.) (quoting TEX. GOV'T CODE ANN. § 30.00014(c) (West Supp. 2017)). An appeal from the municipal court is not a trial de novo. *Id.* The reviewing court instead sits as an appellate court and considers arguments addressing errors shown in the municipal court record. *Id.* The

reviewing court must decide the appeal "on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and reporter's record." *Id.* (quoting TEX. GOV'T CODE ANN. § 30.00014(b)). Accordingly, when appealing from a municipal court judgment, to preserve an issue for consideration, a claim of error must be raised in the motion for new trial, and the record must reflect that the same claim was raised before the municipal court. *Id.* A defendant may seek further appellate review with a court of appeals under certain circumstances, which have been met here. *See* TEX. GOV'T CODE ANN. § 30.00027(a). The briefs filed in the county criminal court of appeals constitute the briefs in this Court. *Id.* § 30.00027(b)(1); *O'Reilly v. State*, 501 S.W.3d 722, 724 (Tex. App.—Dallas 2016, no pet.).

### APPELLANT'S POINTS OF ERROR

Not all of appellant's eleven points of error were raised in the amended motion for new trial he filed in the municipal court. Specifically, in his first point, appellant contends the trial court reversibly denied his motion to certify his right to appeal, and in his eighth point, he contends his conviction must be set aside because the verdict could have been affected by the State's knowing use of perjured testimony. Neither of these complaints was raised in the amended motion for new trial. Accordingly, appellant has not preserved them for appellate review. [2] *See* TEX. GOV'T CODE ANN. § 30.00014(c); *Canada*, 2017 WL 3585203, at *1. We overrule appellant's first and eighth points of error.

In his second and third points of error, appellant contends the evidence is legally insufficient to support his conviction for two reasons. First, he asserts there was no evidence to prove whether or not there was a front license plate on his vehicle. Second, he contends the State

---

[2] The State argues that none of appellant's points of error are preserved because he did not raise them in his original motion for new trial and he amended his motion after the court set the original motion for a hearing. In municipal court, a motion for new trial may be amended by leave of court at any time before action on the motion is taken. TEX. GOV'T CODE ANN. § 30.00014(c). The parties disagree about what constitutes "action on the motion." The State asserts the trial court took action on appellant's original motion by setting it for a hearing, thus the amended motion was untimely. For purposes of this appeal, we will assume without deciding that the amended motion was timely.

presented evidence the rear license plate was issued by the "Texas Department of Transportation," when it should have instead presented evidence about the "Texas Department of Motor Vehicles." *See Bray v. Tejas Toyota, Inc.*, 363 S.W.3d 777, 779 n.1 (Tex. App.—Austin 2012, no pet.) (effective November 1, 2009, legislature transferred functions of Motor Vehicle Division of Texas Department of Transportation to newly created Texas Department of Motor Vehicles). These allegations were in the jury charge which generally tracked the language of the amended complaint. Former section 502.404 of the transportation code contained the language about displaying two license plates, one at the front and one at the rear of the vehicle. Prior to appellant's traffic citation, at the end of 2011, section 502.404 was amended and redesignated as section 502.473. Act of May 29, 2011, 82nd Leg., R.S., ch. 1296, § 159, 2011 Tex. Gen. Laws 3619, 3695. This language is not in the redesignated version.

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). The essential elements of the crime are "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Id.* at 294 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct charge is one that at least accurately sets out the law, is authorized by the charging instrument, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* It is not required to track exactly all of the allegations in the charging instrument; it just needs to be "authorized by the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001). The *Malik* standard ensures that a judgment of

acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted. *Malik*, 953 S.W.2d at 240.

Driving with expired registration violates multiple provisions of the transportation code. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 502.040(a) (Registration Required; General Rule), 502.407(a) (Operation of Vehicle with Expired License Plate), 502.473(a) (Operation of Vehicle Without Registration Insignia), 504.943 (Operation of Vehicle Without License Plate) (West Supp. 2017). Under section 502.407, a person commits an offense if, after the fifth working day after the date the registration for the vehicle expires, he operates on a public highway during a registration period a motor vehicle that has attached to it a license plate for the preceding period and the plate has not been validated by the attachment of a registration insignia for the registration period in effect. *Id.* § 502.407(a). Under section 502.473, formerly section 502.404, a person commits an offense if he operates on a public highway during a registration period a motor vehicle that does not properly display the registration insignia issued by the department that establishes that the license plates have been validated for the period. *Id.* § 502.479. Officer Ziegler's testimony, and the reasonable inferences therefrom, established the elements of either of these violations. In a hypothetically correct charge, it was not necessary to prove that appellant's vehicle had two license plates issued by the Texas Department of Motor Vehicles. Such language in the actual charge can be disregarded as surplusage. The evidence is legally sufficient to support appellant's conviction. We overrule appellant's second and third points of error.

In his fourth and fifth points of error, appellant contends the trial court erred in denying his objection to the jury charge. Appellant objected in the trial court that no statute proscribed the specific conduct described, and the court overruled the objection. Appellant's objection stemmed from the fact that the charge blended language from different sections of the transportation code and contained language found in former section 502.404 of the code.

Even if we assume the trial court's charge was erroneous, we reverse only when the error is shown to be harmful. Because appellant objected to the alleged error, reversal is required if there is some harm. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). The charge contained language upon which the jury could have found appellant violated section 502.407 or 502.473. *See* TEX. TRANSP. CODE ANN. §§ 502.407, 502.473. The inclusion of other provisions, such as displaying two license plates, only served to increase the State's burden of proof. A jury charge error that increased the State's burden by requiring it to prove additional elements did not harm appellant; it benefitted him. *See Watson v. State*, 693 S.W.2d 938, 942 (Tex. Crim. App. 1985). Appellant's argument is without merit.

Appellant also complains that the charge erroneously referred to a license plate issued by the Texas Department of Transportation rather than the Texas Department of Motor Vehicles. Appellant did not raise this specific objection in the trial court. Any error in this regard is found in surplus language that matched the officer's testimony. It did not cause appellant egregious harm. *See Almanza*, 686 S.W.2d at 171. We overrule appellant's fourth and fifth points of error.

In his sixth and seventh points of error, appellant contends the trial court erred in denying his October 28, 2015 motion to dismiss the complaint against him. He asserted that the amended complaint accused him of violating transportation code section 502.404, which did not exist after 2011. If a municipal court defendant does not object to a defect, error, or irregularity of form or substance in a charging instrument before the date on which the trial on the merits commences, the defendant waives and forfeits the right to object to the defect, error, or irregularity. TEX. CODE CRIM. PROC. ANN. art. 45.019(f). Under article 45.019(f), a party can move to quash a charging instrument at any time prior to the day on which the trial on the merits commences. *Sanchez v. State*, 138 S.W.3d 324, 330 (Tex. Crim. App. 2004). Here, appellant filed his third motion to dismiss on October 28, 2015, the day the jury was impaneled and the trial took place. By not filing

his motion *before* the day on which the trial commenced, appellant has waived the right to complain about any defects in the complaint. We overrule appellant's sixth and seventh points of error.

In his ninth and tenth points of error, appellant contends the trial court erred in denying his May 18, 2015 motion to dismiss due to violations of articles 27.14(d) and 45.018(b) of the code of criminal procedure. Article 27.14(d) applies to misdemeanor offenses for which the maximum possible punishment is a fine only and provides that if a defendant pleads not guilty or fails to appear based on the initial written notice, a complaint shall be filed that conforms to the requirements of chapter 45 of the code. TEX. CODE CRIM. PROC. ANN. art. 27.14(d). Article 45.018(b) provides that a defendant is entitled to notice of a complaint against him not later than the day before the date of any proceeding in the prosecution. *Id.* § 45.018(b).

Appellant asserts he did not receive notice of the complaint against him at least one day before the date of any proceeding. He maintains he never received notice of the original complaint and received notice of the amended complaint on March 4, 2015, the day of the first proceeding in the case. The trial court denied the May 18, 2015 motion.

We will assume without deciding that appellant did not receive notice of the complaint against him at least one day before the date of any proceeding in this case. When, as here, only a statutory violation is claimed, the error must be treated as non-constitutional error for the purpose of conducting a harm analysis. *Proenza v. State*, No. PD-1100-15, 2017 WL 5483135, at \*10 (Tex. Crim. App. Nov. 15, 2017). Any non-constitutional error, defect, irregularity or variance that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). Appellant has not identified how this error harmed him. A complaint must state facts sufficient to show the commission of a charged offense, but not with the same particularity required for an indictment or information. *State v. Cooper*, 396 S.W.3d 603, 605 (Tex. App.—Dallas 2012), *aff'd*, 420 S.W.3d

829 (Tex. Crim. App. 2013). Appellant was cited for expired registration during a traffic stop on October 2013. He received the amended complaint on March 4, 2015, at the initial pretrial proceeding. Appellant's trial took place in October 2015, over seven months after he was given notice of the amended complaint. Appellant has failed to demonstrate how any violation of articles 27.14(d) and 45.018(b) affected his substantial rights. We overrule appellant's ninth and tenth points of error.

In his eleventh point of error, appellant contends the trial court abused its discretion in denying his amended motion for new trial for each of the grounds set forth in his other points. He provides no new argument under this point and merely incorporates by reference thirty-six pages of his brief. Having determined that appellant's previous points of error are all without merit, we overrule appellant's eleventh point of error.

We affirm the judgment of the county criminal court of appeals.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

170732F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDER HOWELL TURNER,
Appellant

No. 05-17-00732-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-16-R0002-D.
Opinion delivered by Justice Brown,
Justices Lang-Miers and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the county criminal court of appeals is **AFFIRMED**.

Judgment entered this 8th day of February, 2018.